[Civ. No. 35684. Second Dist., Div. Five. Nov. 23, 1970.]

MARIE M. WILKINSON, Plaintiff and Appellant, v.
FRANK W. WILKINSON, Defendant and Respondent.

## COUNSEL

Robert B. Maxwell for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

## OPINION

AISO, J.—This is an appeal by plaintiff wife from a *nunc pro tunc* order modifying a judgment entered in a default annulment proceeding. The order is appealable as an order made after judgment. (Code Civ. Proc., § 904.1, subd. (b).)

Wife sued for an annulment on August 2, 1968, alleging that the marriage was void because defendant husband was married to another person. The complaint alleged that there was community property consisting of "household furniture and furnishings" and the prayer was "that the community property of the parties hereto be awarded to the [wife]." Husband did not answer and his default was entered October 25, 1968. The annulment decree was entered February 11, 1969, the last two paragraphs of which "awarded the community property" to the husband and ordered him "to pay to [wife] the sum of $500.00 representing the value of her portion of her community property."

When wife sought to execute on the judgment, husband on May 22, 1969, moved for a stay of execution and for an order relieving him from default.

The trial court denied the motion to set aside husband's default, and the parties through their counsel agreed that the court could treat the matter as one involving a motion by the husband to vacate portions of the judgment in excess of the court's jurisdiction. (See Code Civ. Proc., § 473.) The trial court in ruling upon this motion vacated the last two paragraphs of the decree of annulment (leaving the annulment itself standing) and made no disposition of the prayer in the complaint relating to the community property.

■ The marriage being void, there could have been no community property of the parties. However, it is well settled that in a case of this kind if the putative wife in good faith believes that the marriage is valid, the property which would have been community property had the marriage been valid will be treated for division purposes as though it were community property. (*Coats* v. *Coats* (1911) 160 Cal. 671 [118 P. 441]; see 4 Witkin, Summary of Cal. Law (1960) p. 2716, and cases cited.) ■ Husband did not claim that the property involved should not have been so treated. We assume that the evidence before the trial court when it granted the annulment was sufficient to establish wife's good faith.

■ In the present case the complaint in its prayer demanded that the community property be awarded to the wife and not a sum in lieu of her interest in the "community property." The relief granted to the wife upon

husband's default could not exceed that demanded in her complaint. (Code Civ. Proc., § 580.) The husband had a right to rely on the law in this respect and to assume that the court at worst would do no more than award all of the household furniture and furnishings to the wife. (See *Burtnett* v. *King* (1949) 33 Cal.2d 805, 811 [205 P.2d 657, 12 A.L.R.2d 333]; *Craft* v. *Craft* (1957) 49 Cal.2d 189 [316 P.2d 345].) Wife cites cases holding that a court may in its discretion order a defendant to pay a specific sum of money in lieu of a plaintiff's interest in the community property awarded to defendant. (See, e.g., *Weinberg* v. *Weinberg* (1967) 67 Cal.2d 557, 566 [63 Cal.Rptr. 13, 432 P.2d 709]; *Dallman* v. *Dallman* (1958) 164 Cal. App.2d 815, 819 [331 P.2d 245].) In each of those cases, however, both parties appeared in the action and had an opportunity to litigate the issue of the value of the property.

There are many instances where a court may render a valid judgment which encompasses a matter which has been litigated, but which cannot be included in a default judgment. It is, for example, quite common in a divorce case for the court to order a man to support his children partly by paying their medical, dental and hospital bills. In *Emanuel* v. *Superior Court* (1960) 184 Cal.App.2d 844 [8 Cal.Rptr. 81], the wife asked that the husband be ordered to pay a reasonable sum per month for her support and the support of the minor children. The husband defaulted and the court ordered that he pay as part of the support for the wife and children their medical, dental and hospital expenses. The appellate court held such an order "was in excess of the relief sought and since the matter was heard as a default, said portions of the interlocutory judgment were in excess of the trial court's jurisdiction and void." (Accord: *Swycaffer* v. *Swycaffer* (1955) 44 Cal.2d 689, 692 [285 P.2d 1].) ▆ The attempted award here was likewise void without a further amendment of the wife's complaint and service of the same upon her husband, because under section 580 the trial court had no jurisdiction to do other than award the relief prayed for (if any award is to be made). (*Looper* v. *Looper* (1963) 222 Cal.App.2d 247, 253 [34 Cal.Rptr. 912].) The situation presented in the instant case can be avoided by appropriate wording of the prayer to cover the contingency.

▆ The order vacating the two paragraphs in the decree was too broad, however. It should not have vacated so much of the second paragraph as adjudicates the "household furniture and furnishings located at 933 M Street, Oxnard, California" to be the "community property" of the parties. Consequently the order should have vacated all of the penultimate paragraph of the decree and the words "the defendant is awarded" from lines numbered 4 and 5 of the last paragraph, and substituted the word "consists" in lieu of the word "consisting" in line 6 thereof. The adjudication as to the character of the property was within the prayer and pleading averring "there

is certain community property belonging to the parties hereto, consisting of the following: Household furniture and furnishings." That portion of the decree, therefore, should not have been vacated. The decree even as thus modified still leaves without disposition the portion of the prayer that the "community property . . . be awarded to the [wife]." In this posture, the order of vacation as amended leaves the parties as tenants in common of the "community property" with their rights determinable in a subsequent action. (Cf. *Estate of Williams* (1950) 36 Cal.2d 289, 292-293 [223 P.2d 248, 22 A.L.R.2d 716]; *Metropolitan Life Ins. Co.* v. *Welch* (1927) 202 Cal. 312, 318 [260 P. 545].) As tenants in common, the parties also have the option of effecting a division by mutual agreement to save both the cost and time which litigation in a separate action would entail. This might be preferable as the respective mutual interests, as reflected by the record before us, appear not to exceed $500 in value.

The order appealed from is ordered modified to reflect the views set forth in the foregoing opinion, and affirmed; appellant to have her costs on appeal.

Kaus, P. J., and Stephens, J., concurred.