[No. E054082. Fourth Dist., Div. Two. Apr. 26, 2013.]

In re the Marriage of JESSIE A. and ROBERT S. KAHN.
JESSIE A. KAHN, Respondent, v.
ROBERT S. KAHN, Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

*Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of parts I, II, and III.

## COUNSEL

Best Best & Krieger, Kira L. Klatchko and Douglas S. Phillips for Appellant.

Richard C. Houghton for Respondent.

## OPINION

**RICHLI, J.**—In this dissolution of marriage proceeding, husband Robert S. Kahn failed to respond to discovery propounded by wife Jessie A. Kahn. Even after the trial court granted Jessie's motion to compel, he still failed to respond. Finally, after Jessie filed a motion for terminating sanctions, Robert served responses, but they included numerous objections based on the Fifth Amendment.

The trial court struck Robert's responsive pleading as a discovery sanction and entered his default. It also denied his motion to set aside the default. After a prove-up hearing, it entered a default judgment, which, among other things, awarded Jessie $275,000 against Robert for breach of fiduciary duty.

Robert now contends:

1. The trial court erred by striking Robert's responsive pleading and entering his default.

2. The trial court erred by denying Robert's motion to set aside the default to the extent that the motion was based on his attorney's affidavit of fault.

3. The award of $275,000 was not supported by substantial evidence.

4. The award of $275,000 exceeded the scope of the petition.

In the published portion of this opinion, we agree that the award of $275,000 rendered the judgment void, because Jessie's petition had not indicated that she was seeking any particular amount of damages for breach of fiduciary duty. In the unpublished portion, we find no other error. Hence, we will remand to the trial court with directions to determine whether to modify the judgment by striking the award of $275,000 or to vacate the judgment in its entirety so that Jessie can file an amended petition and seek damages for breach of fiduciary duty.

I–III*

· · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · ·

IV

AWARD OF $275,000 FOR BREACH OF FIDUCIARY
DUTY

█ Robert raises two distinct challenges to the trial court's award of $275,000. First, he contends that the award exceeded the scope of the petition. Second, he contends that the award is not supported by substantial evidence. As will be seen, we agree that the award is void because it exceeded the scope of the petition. Accordingly, we need not consider whether it was supported by sufficient evidence.

Jessie filed her petition using a Judicial Council form (No. FL-100), as required. (Cal. Rules of Court, rule 5.60(a).) The form provided checkboxes for the relief sought. Jessie checked the box for "Other," then typed in, "Relief for [Robert's] breach of fiduciary duty pursuant to Family Code sections 1100 et seq." However, she did not specify any factual grounds, nor did she specify an amount sought.

Code of Civil Procedure section 580, subdivision (a) provides: "The relief granted to the plaintiff, if there is no answer, cannot exceed that demanded in the complaint . . . ."

---

*See footnote, *ante*, page 1113.

■ " '[T]he primary purpose of the section is to guarantee defaulting parties adequate notice of the maximum judgment that may be assessed against them.' [Citations.]" (*Stein v. York* (2010) 181 Cal.App.4th 320, 325 [105 Cal.Rptr.3d 1].) "[D]ue process requires notice to defendants . . . of the potential consequences of a refusal to pursue their defense. Such notice enables a defendant to exercise his right to choose . . . between (1) giving up his right to defend in exchange for the certainty that he cannot be held liable for more than a known amount, and (2) exercising his right to defend at the cost of exposing himself to greater liability." (*Greenup v. Rodman* (1986) 42 Cal.3d 822, 829 [231 Cal.Rptr. 220, 726 P.2d 1295].)

"[A] default judgment greater than the amount specifically demanded is void as beyond the trial court's jurisdiction." (*Greenup v. Rodman, supra,* 42 Cal.3d at p. 826.)

■ Code of Civil Procedure section 580 applies in a marital dissolution action. (E.g., *In re Marriage of O'Connell* (1992) 8 Cal.App.4th 565, 574 [10 Cal.Rptr.2d 334].) "It also applies in cases . . . where a default is entered after the defendant's answer is stricken as a discovery sanction. [Citation.]" (*Cummings Medical Corp. v. Occupational Medical Corp.* (1992) 10 Cal.App.4th 1291, 1296 [13 Cal.Rptr.2d 585].)

Jessie argues that her petition gave Robert sufficient notice, citing *In re Marriage of Andresen* (1994) 28 Cal.App.4th 873 [34 Cal.Rptr.2d 147] and *In re Marriage of Lippel* (1990) 51 Cal.3d 1160 [276 Cal.Rptr. 290, 801 P.2d 1041].

In *Lippel,* the Supreme Court held that, because the wife did not check the box for child support on her form petition, a default judgment awarding her child support was void. (See *In re Marriage of Lippel, supra,* 51 Cal.3d at pp. 1163–1165.) It also held that older cases cited by the wife were no longer good law in light of the enactment of The Family Law Act (Civ. Code, former § 4000 et seq.) and the adoption of a rule of court establishing a mandatory form dissolution petition. (51 Cal.3d at pp. 1169–1170.) It observed: "This standard form petition . . . requires a petitioner . . . to check boxes, from a series provided, which indicate the remedy or relief requested (e.g., legal separation, dissolution, or nullity of the marriage) and the specific relief being sought (e.g., property division, spousal support, child custody, child support or attorney fees). [¶] Coupled with the requirement that the respondent be served with a copy of the petition [citation], the manner in which these boxes are checked, or not checked, informs and puts the respondent on notice of what specific relief the petitioner is, or is not, seeking." (*Ibid.*)

Thereafter, in *Andresen,* the wife listed certain assets that were allegedly community in her form petition but did not list any values for them. (*In re*

*Marriage of Andresen, supra,* 28 Cal.App.4th at pp. 876–877.) One of the " 'Instructions' " for the form stated: " 'When this form is attached to Petition or Response, values and your proposal regarding division need not be completed.' " (*Id.* at p. 876.) The wife also checked the box requesting that " 'property rights be determined.' " (*Ibid.*) After the husband defaulted, the trial court entered a judgment dividing the community assets and ordering the husband to make an equalizing payment of nearly $10,000. (*Id.* at p. 877.)

The husband argued that the default judgment was void because the wife's petition had not alleged the values of the community assets, had not listed certain assets as community, and had not requested an equalizing payment. (*In re Marriage of Andresen, supra,* 28 Cal.App.4th at p. 877.)

The appellate court responded, "In our estimation, *Marriage of Lippel* disposes of the husband's argument." (*In re Marriage of Andresen, supra,* 28 Cal.App.4th at p. 878.) It explained: "As we read *Lippel,* due process is satisfied and sufficient notice is given for section 580 purposes in marital dissolution actions by the petitioner's act of checking the boxes and inserting the information called for on the standard form dissolution petition which correspond or relate to the allegations made and the relief sought by the petitioner. The opinion does not suggest that any greater specificity is required. Although we acknowledge the Supreme Court had no need to address the point, we find nothing in the language of *Lippel* which compels a conclusion that the amount of the relief requested, as contrasted with the type of the relief requested, must be inserted in the relevant form if the form does not itself expressly demand such data.

"In this case, the wife requested the parties' property rights be determined because she checked the appropriate box on the petition. She also selected, again by checking a box, one of the four alternatives in . . . the petition relating to the marital assets and liabilities. In accord with the terms of this choice, the wife attached to her petition a property declaration which listed certain assets and liabilities. Consistent with the 'Instructions' in the declaration form, the wife did not assign any values to the described property or debts, or propose that they be divided in any particular manner.

"Therefore, because the wife properly and fully completed the petition and its necessary attachments to the extent of the relief requested on the face of those documents, the husband was given adequate notice that the wife sought a division of the property and liabilities identified in the wife's papers. [Citation.] If he desired to be heard on the subject of the valuation and division of the listed items, he should have appeared." (*In re Marriage of Andresen, supra,* 28 Cal.App.4th at pp. 879–880, fns. omitted.)

■ As later courts have stated, "the rule in *Andresen* 'makes sense when applied to form complaints in marital dissolution actions,' especially because in such actions 'the court *must* value and divide the community estate of the parties equally . . . .' [Citation.] Given that an equal division is required by law, the due process requirement of notice is satisfied if the spouse seeking dissolution of the marriage identifies the community assets to be divided in his or her petition and requests that the court divide those assets." (*Van Sickle v. Gilbert* (2011) 196 Cal.App.4th 1495, 1527 [127 Cal.Rptr.3d 542]; accord, *Finney v. Gomez* (2003) 111 Cal.App.4th 527, 542 [3 Cal.Rptr.3d 604]; *Cassel v. Sullivan, Roche & Johnson* (1999) 76 Cal.App.4th 1157, 1162–1163 [90 Cal.Rptr.2d 899].)

It would be stretching *Andresen* too far to apply it in this case. Admittedly, we are dealing with a form complaint in a marital dissolution action. However, the checkbox for "other" relief is distinguishable from the checkboxes for a division of community property. It is a catchall category; it could encompass practically any kind of relief, including relief that is not statutorily required in a marital dissolution action. The respondent is therefore entitled to notice of the specific nature and amount of any "other" relief sought before defaulting.

■ " 'Ordinarily when a judgment is vacated on the ground the damages awarded exceeded those pled, the appropriate action is to modify the judgment to the maximum amount warranted by the complaint.' [Citation.] The trial court, however, has discretion to instead vacate the underlying default and allow the plaintiff to amend the complaint and serve the amended complaint on the defendant. [Citation.]" (*Van Sickle v. Gilbert, supra,* 196 Cal.App.4th at pp. 1521–1522.)

Jessie might actually prefer to have the default vacated so she can litigate her claim for damages for breach of fiduciary duty in this action. In any event, we do not want to preempt the trial court's exercise of discretion with regard to the proper remedy. Accordingly, we will remand with directions to determine whether to vacate or to modify the default judgment.

## V

## DISPOSITION

The orders striking Robert's responsive pleading, entering his default, and denying his motion to set aside his default are affirmed.

The judgment is void to the extent that it awards Jessie $275,000 against Robert. The matter is remanded to the trial court with directions to determine whether the judgment should be modified by striking the award of $275,000 or wholly vacated.

In the interest of justice, each side shall bear its own costs.

Hollenhorst, Acting P. J., and Miller, J., concurred.