Filed 10/21/21  Marriage of Martinez CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re the Marriage of DARLENE C. MARTINEZ and JOSE L. MARTINEZ. | |
| DARLENE C. MARTINEZ, | D078063 |
| Appellant, | |
| v. | (Super. Ct. No. FAMSS1603672) |
| JOSE L. MARTINEZ, | |
| Appellant. | |

APPEALS from an order of the Superior Court of San Bernardino County, Shannon Suber, Commissioner.  Affirmed.

Law Offices of Soheila Azizi, Soheila Azizi and Joshua Edmondson for Appellant Darlene C. Martinez.

Howington & Associates and Joseph W. Howington; Holstein, Taylor and Unitt and Brian C. Unitt; Law Office of Brian C. Unitt and Brian C. Unitt for Appellant Jose L. Martinez.

After a lengthy marriage, Jose L. Martinez filed a petition for dissolution of marriage. Darlene C. Martinez did not respond to that petition, and, eventually, a default was entered. The superior court subsequently entered judgment, dividing the marital property, terminating spousal support, and addressing child custody and support. Darlene moved to set aside the judgment as well as the entry of default. The court vacated the portions of the judgment concerning the division of marital property and termination of spousal support. However, the court denied the motion to the extent it sought to set aside the default.

Darlene appeals, claiming the judgment was void because of fraud and should be vacated. She also argues this court should order the superior court to require Jose to amend his petition to include additional marital property to be divided and allow Darlene to respond to the amended petition.

Jose has filed a cross-appeal, contending the superior court abused its discretion in partially vacating the judgment.

We reject the contentions in both the appeal and cross-appeal; thus, we affirm the order.

FACTUAL AND PROCEDURAL BACKGROUND

Darlene and Jose were married on February 12, 1994. Jose filed a petition for dissolution of marriage on April 29, 2016, wherein he used a judicial council form and marked the boxes requesting termination of spousal support and division of marital property. Darlene was personally served with that petition on May 25, 2016. Jose also filed and served income and expense and community and quasi-community property declarations in January and February 2017.

Darlene did not respond to the dissolution petition. In a letter dated November 21, 2016, Jose's counsel reminded Darlene that she had not filed

2

any response (which was due on June 25, 2016) and told her that he would give her until Wednesday, November 23, 2016, to do so. Counsel also cautioned Darlene that he would "proceed with taking [her] default" if she did not respond by then.[1]

Darlene did not file a response to the dissolution petition by November 23. However, Jose did not file a request for default until February 14, 2017. The court clerk entered default that same day. Almost four months later, Darlene sent Jose's counsel an e-mail asking him to set aside the default. Jose's counsel declined to do so, and, on July 27, 2017, now represented by counsel, Darlene filed a request to set aside default under Code of Civil Procedure section 473, subdivision (b).[2] In her declaration in support of her request, Darlene asked the court to find that her failure to respond was "excusable neglect due to severe emotional distress [she] suffered throughout the marriage including [Jose] trying to kill [her]."

The court held a hearing on the request to set aside default on September 7, 2017. The transcript of this hearing is not in the record, but the minute order indicates that Darlene was sworn in as a witness and testified. The court denied the request.[3]

---

[1] There is some indication in the record that Darlene had been providing documents to Jose's counsel after service of the summons. In addition, Jose's counsel provided Darlene with a settlement demand, proposing a specific division of the marital property. Darlene did not accept the demand.

[2] Statutory references are to the Code of Civil Procedure unless otherwise specified.

[3] The notice of ruling states that the hearing on the request to set aside the default occurred on September 18, 2017. The minute order of that hearing provides that it took place on September 7, 2017.

3

Over a year later, on September 20, 2018, Jose filed a declaration for default or uncontested dissolution of marriage. Along with his declaration, Jose filed a community and quasi-community property declaration. The court entered judgment on October 12, 2018. Notice of entry of judgment was filed and served on October 24, 2018.

Almost two months later, on December 14, 2018, Darlene filed a request to set aside the default judgment as well as the entry of default. The court heard oral arguments on Darlene's request on October 2, 2019, but the court continued the matter to allow further briefing. The court was concerned that there was "insufficient evidence at [that] time to determine if the court [could] set aside a portion or portions of the default judgment without disturbing the entry of default." Thus, the court asked for supplemental briefing to address that issue. That said, the court stated that it did not see any justification for setting aside the entry of default.[4]

Upon resuming the hearing on October 17, the court, before allowing the parties to argue, issued an oral tentative ruling, wherein it explained:

> "So my tentative would be the following: To leave the default intact but set aside the judgment itself because the judgment itself is both violative of Family Code Section 4336 and contains an unconscionably [un]equal division of assets based on the record itself. Were the court to believe the assets are equal, the Court can simply re-enter the judgment."

The court's tentative ruling included setting a default prove-up hearing in which Jose would provide evidence as to the assets before the court, "including the value of assets that were not specifically mentioned in

---

[4]    A different judge was assigned to hear Darlene's request to set aside the judgment and entry of default than heard her first request to set aside the default.

4

documents prior to the full judgment prepared and entered, such that the Court has a good understanding of the value of all these assets and can make proper, legal orders under the law. And the authority that I would indicate would be Code of Civil Procedure Section 473(d)."[5]

After hearing further argument, the court adopted its tentative as the ruling of the court and vacated that portion of the default judgment relating to property division and spousal support, and Jose was directed to prove-up the property values with no participation by Darlene.[6] The court stated that it was vacating that property division and spousal support sections of the judgment because it did not find them "understandable," and it found those portions of the judgment "in . . . violation of the law" and offensive to the court's "sense of justice" and "sense of fairness." Nevertheless, the court found no reason to allow Darlene to participate in the prove-up, noting: "When you refuse to participate by your own volition, you run the risk of having things happen that you wish hadn't happened. That's the importance of being served and knowing what's going on in a case."

The matter was then set for a default prove-up hearing. Darlene filed her notice of appeal on December 16, 2019. The automatic stay under section 916 prevented the prove-up hearing from taking place. Jose filed a notice of appeal on February 6, 2020.

---

[5]    Initially, there was some confusion regarding Darlene's participation in the default prove-up. However, the court made clear that only Jose would be participating in the prove-up hearing.

[6]    The court left in place the portions of the judgment addressing status and child support (the couple's daughter was no longer a minor at the time of the October 17 hearing).

DISCUSSION

Both Darlene and Jose appeal the order that partially vacated the default judgment as that judgment related to division of marital property and spousal support. Because they each raise different issues, we will address their appeals separately.

I

DARLENE'S APPEAL

Darlene's appeal is not the model of clarity. She begins by arguing the superior court erred by failing to aside the default judgment because that judgment exceeded the scope of the relief requested in Jose's dissolution petition. However, this contention borders on nonsensical because the court did set aside the portion of the default judgment dividing the marital property and addressing spousal support. So, Darlene's argument that the judgment exceeds the relief requested in the petition is either moot or unripe because, in the instant action, there is no judgment dividing the marital property.[7]

Darlene also takes issue with how the court set aside the default judgment. To this end, she insists the court should have allowed her to interlineate the judgment to mirror the dissolution provision or provide Jose with the opportunity to amend the dissolution petition and then allow Darlene to respond to the amended petition (effectively setting aside the

---

[7] Darlene correctly notes that a trial court's determination that a judgment is void is subject to de novo review. (*Cruz v. Fagor America, Inc.* (2007) 146 Cal.App.4th 488, 496.) Yet, here, the superior court and Darlene are in agreement—the judgment, at least concerning the division of marital property, was void. Instead, as we discuss *post*, Darlene disagrees with how the court set aside the judgment.

6

default). Yet, after mentioning the possibility of interlineating the judgment, she does not discuss it further, focusing instead on the second option.

Below, the superior court denied the portion of Darlene's motion to set aside the default. More specifically, the court noted that a different judge had previously denied Darlene's motion to set aside, and the court saw no reason that the other judge was incorrect in so ruling. Here, Darlene does not appeal this portion of the order. Nor could she. An order denying a motion to set aside default is not appealable. (See *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 981; *First American Title Co. v. Mirzaian* (2003) 108 Cal.App.4th 956, 960.) We acknowledge that intermediate rulings are generally reviewable on an appeal from the final judgment by the party adversely affected by them. (*Johnson v. Alameda County Medical Center* (2012) 205 Cal.App.4th 521, 531.) But there is no final judgment in the instant action. Thus, to the extent Darlene is attacking the court's refusal to set aside the default, we cannot reach that argument considering the procedural posture of this case. (See *Rappleyea v. Campbell*, at p. 981.)

Consequently, the only argument remaining in Darlene's appeal is whether the court abused its discretion in setting aside a portion of the default judgment. Darlene maintains the court should have given Jose the opportunity to amend his dissolution petition and then allow Darlene to respond to the amended petition. In other words, Darlene insists the court abused its discretion by not prescribing the exact solution she proposes here.

A trial court's ruling on a motion to set aside a judgment is reviewed for abuse of discretion. (*In re Marriage of Varner* (1997) 55 Cal.App.4th 128, 138.) The trial court's factual findings are reviewed under the substantial evidence test. (*In re Marriage of Rossin* (2009) 172 Cal.App.4th 725, 734; *In re Marriage of Duffy* (2001) 91 Cal.App.4th 923, 931.)

7

The linchpin of Darlene's argument that the court abused its discretion is that the default judgment was in violation of section 580. Subdivision (a) of that section provides:

> "The relief granted to the plaintiff, if there is no answer, cannot exceed that demanded in the complaint, in the statement required by Section 425.11, or in the statement provided for by Section 425.115; but in any other case, the court may grant the plaintiff any relief consistent with the case made by the complaint and embraced within the issue. The court may impose liability, regardless of whether the theory upon which liability is sought to be imposed involves legal or equitable principles." (§ 580, subd. (a).)

Relying on *Sass v. Cohen* (2019) 32 Cal.App.5th 1032, review granted May 22, 2019, S255262, Darlene argues that after the court set aside the default judgment, it had only two options: "(1) reduce the default judgment to the types and amounts of relief properly pled in the operative pleadings or (2) give the plaintiff the option of amending her pleadings to include the previously omitted types and amounts of relief." (*Id*. at p. 1042.) She further argues that, because the Family Code requires a court to divide the community assets equally, the only option for the court here was to order Jose to amend the dissolution petition.

As an initial matter, Darlene's argument assumes that the superior court found that the default judgment violated section 580. Yet, she does not point to anywhere in the record where the court came to that conclusion. Instead, the court found the default judgment to be unfair, unjust, and "in . . . violation of the law." Because the court did not base its conclusion to vacate a portion of the default judgment under section 580, we are not persuaded by Darlene's arguments relying on that section. For this reason alone, Darlene's argument fails.

8

In addition, even if section 580 were in play here, we do not share Darlene's reading of the Court of Appeal's opinion in *Sass*. As our high court pointed out, the issue facing the court in *Sass* was determining how the restrictions of section 580 apply to "the limitations inherent in an action for accounting." (*Sass v. Cohen* (2020) 10 Cal.5th 861, 863 (*Sass*).) Specifically, the California Supreme Court noted: "[W]e must resolve whether a court may award monetary damages in a default judgment to a plaintiff who seeks an accounting when the complaint does not demand a specific amount of monetary damages but instead asserts a proportional interest in specified property." (*Id.* at pp. 863–864.) Thus, the focus in *Sass* was on the interplay between an accounting cause of action, a default judgment, and section 580.

More relevant here, the Supreme Court noted that section 580 has been applied to marital dissolution actions. (See *Sass*, *supra*, 10 Cal.5th at pp. 873–874, discussing *In re Marriage of Lippel* (1990) 51 Cal.3d 1160 (*Lippel*).)[8] The court also discussed *In re Marriage of Andresen* (1994) 28 Cal.App.4th 873 (*Andresen*), observing that the appellate court in that case "held that a plaintiff using a standard form petition to dissolve her marriage need only put the defendant on notice that she was seeking a type of relief, and not a specific amount." (*Sass*, at p. 884; see *Andresen*, at p. 879 ["due process is satisfied and sufficient notice is given for section 580 purposes in marital dissolution actions by the petitioner's act of checking the boxes and inserting the information called for on the standard form dissolution petition," which does not solicit specific dollar amounts].) Our high court

---

[8] "The issue in *Lippel* was whether, in checking and not checking certain boxes contained in the standard form, the plaintiff put the defendant on notice that she was seeking a particular type of relief (child support)." (*Sass*, *supra*, 10 Cal.5th at p. 884.)

ultimately declined to extend *Andresen* to an accounting case, emphasizing that "*Andresen* was a marriage dissolution action[.]" (*Sass*, at p. 884.)

Because we are not dealing with a default judgment in an accounting action, we do not view the appellate court's opinion in *Sass v. Cohen, supra,* 32 Cal.App.5th 1032, review granted, or the Supreme Court's opinion in *Sass, supra,* 10 Cal.5th 861 as particularly instructive in the instant matter. We certainly do not read either of those cases as requiring the superior court here to order Jose to amend his dissolution petition and allow Darlene an opportunity to respond to it.

Below, the court found that the division of marital property in the default judgment was void and it vacated that portion of the judgment (along with the determination of spousal support). It then utilized its discretion to require Jose to prove-up the value of the community assets so that the court can consider a fair and equitable way to divide the community property. In eventually fashioning a default judgment that is fair to the parties, we are confident the superior court will comply with the dictates of section 580. (See, e.g., *Van Sickle v. Gilbert* (2011) 196 Cal.App.4th 1495, 1527 ["the rule in *Andresen* 'makes sense when applied to form complaints in marital dissolution actions,' especially because in such actions 'the court must value and divide the community estate of the parties equally . . . .' [Citation.] Given that an equal division is required by law, the due process requirement of notice is satisfied if the spouse seeking dissolution of the marriage identifies the community assets to be divided in his or her petition and requests that the court divide those assets"]; but see *In re Marriage of Kahn* (2013) 215 Cal.App.4th 1113, 1119 [refusing to apply *Andresen* to a marital dissolution action where the default judgment including $275,000 for breach of fiduciary

10

duty and the form complaint did not indicate that the petitioner was seeking any particular amount of damages for that breach].)

In summary, we find nothing in the record persuading us that the superior court abused its discretion in vacating a portion of the judgment and setting up a prove-up hearing to allow Jose to prove the value of the assets to be divided to better allow the court to equally divide the community property as required under the Family Code.

## II

## JOSE'S APPEAL

Jose appeals the order vacating a portion of the judgment, claiming the court abused its discretion by vacating the judgment under section 473, subdivision (b).[9] He points out that under subdivision (b) the "court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect." (§ 473, subd. (b).) Jose maintains that the evidence does not support any of the court's conclusions that would allow the judgment to be vacated under section 473, subdivision (b). He also contends that Darlene did not prove the existence of any of the grounds required under Family Code section 2122 (actual fraud, perjury, duress, mental incapacity, mistake, and failure to comply with disclosure requirements) to vacate the judgment.

---

[9]     As a threshold matter, Darlene claims Jose's appeal should be dismissed because it was untimely. It was not. Darlene does not point to any notice of entry of order in the record. We have found none. The order vacating a portion of the judgment was entered on October 17, 2019. As such, the parties had 180 days by which to file a notice of appeal. (See Cal. Rules of Court, rule 8.104(a)(1)(c).) Jose filed his notice of appeal on February 6, 2020, within 180 days of entry of the order. Accordingly, Jose's appeal was timely.

However, Jose's argument misses the mark.  The court did not vacate the judgment under subdivision (b) of section 473.  Nor did the court rely on Family Code section 2122.  Rather, the court vacated the default judgment under section 473, subdivision (d).  That subdivision provides that a trial court "may, on motion of either party after notice to the other party, set aside any void judgment or order."  (*Ibid*.)  A trial court's ruling on a motion for discretionary relief under section 473 will not be disturbed unless there is a clear showing that the trial court abused its discretion.  (*Strathvale Holdings v. E.B.H.* (2005) 126 Cal.App.4th 1241, 1249 (*Strathvale Holdings*).)  "The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason."  (*Ibid*.)

"Perhaps the most fundamental rule of appellate law is that the judgment challenged on appeal is presumed correct, and it is the appellant's burden to affirmatively demonstrate error."  (*People v. Sanghera* (2006) 139 Cal.App.4th 1567, 1573; see *Universal Home Improvement, Inc. v. Robertson* (2020) 51 Cal.App.5th 116, 125 [same] (*Universal Home Improvement*).)  " 'All intendments and presumptions are indulged to support [the judgment] on matters as to which the record is silent, and error must be affirmatively shown.  This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' [Citations.]"  (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)

Here, Jose has not challenged the actual grounds on which the court relied to vacate the judgment.  Instead, he argues the court abused its discretion in vacating a portion of the judgment under section 473,

subdivision (b) and Family Code section 2122.[10] Nonetheless, the court did not use either statute to vacate the judgment here. Instead, the court found the division of the community property in the judgment of dissolution to be unfair and unjust and vacated it as void under section 473, subdivision (d). Jose has not explained how the court abused its discretion in doing so. As such, he has not carried his burden on appeal. (See *Universal Home Improvement*, *supra*, 51 Cal.App.5th at p. 125.)

DISPOSITION

The order is affirmed. The parties shall bear their own costs on appeal.

HUFFMAN, J.

WE CONCUR:

McCONNELL, P. J.

O'ROURKE, J.

---

10    Jose does point out that the court stated it did not know whether the values of the property submitted in his community and quasi-community property declaration were accurate. That said, the court clearly was bothered by the lack of evidence submitted in support of the default judgment establishing the value and distribution of the community property. The court wanted additional information so it could "review it and make a determination about whether or not there's a fair and equal distribution of the assets." Certainly, such a goal is not beyond the bounds of reason. (See *Strathvale Holdings*, *supra*, 126 Cal.App.4th at p. 1249.)