[Civ. No. 59686. Second Dist., Div. Four. July 27, 1981.]

FRANK STUTZ, Plaintiff and Respondent, v.
DAVE DAVIS, Defendant and Appellant;
MARGARET E. GEMMILL et al., Defendants and Respondents.

**COUNSEL**

Joseph Taback for Defendant and Appellant.

Louis S. Edelberg and Daniel J. Salomon for Plaintiff and Respondent.

Lawson M. Brown for Defendants and Respondents.

**OPINION**

**KINGSLEY, J.**—This is an appeal from a judgment awarding attorney fees in a partition proceeding. The appellant contends: (1) the trial

court used the wrong formula in awarding fees; and (2) that the trial court improperly awarded attorney fees to two defendants in that action. We agree with appellant and reverse the portion of the judgment awarding fees.

Appellant and respondent were owners of commercial real property in Los Angeles County and held title as tenants in common. Appellant owned two-thirds of the property and respondent Stutz owned one-third. Plaintiff Stutz, respondent here, initiated a partition action and named appellant Davis and two lienholders as defendants. The complaint sought to have the property sold at public sale; but, through negotiations, the parties agreed that the property would be sold at private auction between the parties. The auction was held in court and the property was sold to respondent Stutz. The sale was confirmed at a subsequent hearing and attorney's fees and costs were also awarded. These fees were awarded at respondent's request and over appellant's written opposition. The attorney's fees were awarded as follows: Petitioner Stutz $7,500 plus costs; defendant Davis $2,500 plus costs; and each lienholder $1,000 plus costs. All attorney's fees and costs were to be paid from the proceeds of the partition sale. The proceeds of the sale were to be paid to appellant, and appellant's two-thirds interest in the property was being transferred to respondent. Consequently appellant is being charged with all the attorney's fees. Appellant contends that the trial court was wrong in this award. We agree with appellant and therefore reverse.

I

The statutory authority which allows attorney's fees in partition actions is Code of Civil Procedure section 874.010. This section states, "The costs of partition include: (a) Reasonable attorney's fees incurred or paid by a party for the common benefit." This section, read in conjunction with Code of Civil Procedure section 874.040 which states: "Except as otherwise provided in this article, the court shall apportion the costs of partition among the parties in proportion to their interests or make such other apportionment as may be equitable," leads to the conclusion that costs should be awarded in proportion to the litigant's interest in the property. The purpose of of the statute is stated in *Stewart* v. *Abernathy* (1944) 62 Cal.App.2d 429 at page 433 [144 P.2d 844] as follows: "... [T]he purpose of the statute is to divide the cost of the legal services among the parties benefited by the result of the proceeding." Both appellant and respondent benefited from the

proceedings and they should bear costs in accordance with their interest in the real property. Appellant, as two-thirds owner, should bear two-thirds of the cost and respondent, as one-third owner, should bear one-third of the costs. The trial court properly applied this ratio but the funds he applied to it were erroneous. The trial court applied the ratio to the funds which were deposited in escrow which was two-thirds of the total price of the property. The ratio should have been applied to the total price of the property and the costs shared between appellant and respondent on that basis. This transaction should be treated as if a third party had purchased the property and costs should be apportioned the same way. The entire parcel was sold for $840,000 and the total allowance for attorney fees and costs was $10,268. Stutz' interest in the sale was $280,000 so that, after deducting one-third of the allowed fees and costs ($3,422.67), he should receive $276,577.33. Davis' interest in the sale was $560,000 so that, after deducting his two-thirds of the fees and costs ($6,845.33), he should receive $553,154.67.

While we recognize that the applicable statutes allow the trial court to apportion fees and costs in an equitable manner, there is nothing in the record before us to support an apportionment in any manner other than according to the respective interest of the parties in the property.

Davis also contends that there was no showing that the attorney fees were actually incurred or expended. That contention is without merit. Neither Stutz nor Davis offered evidence as to the amount of work done by their respective attorneys, or as to its value. The record shows numerous pleadings and court appearances. Under those circumstances, it was within the province of the trial court to make its own evaluation of the value of that work. We cannot say that the awards made were improper.

II

Attorney fees and costs awarded to the lienholders were unjustified by anything in the record before us. The statute, as previously discussed, states that costs may be awarded when they are incurred for the common benefit. As stated in *Capuccio* v. *Caire* (1932) 215 Cal. 518, 526 [11 P.2d 1097]: "... since it is expressly provided therein that it is only when the costs, including counsel fees entailed in said action, shall be found to have been expended for the common benefit that they shall be chargeable or recoverable by whichever of the parties, plaintiff or defendant, shall have so expended the same." The record here indi-

cates that, at no time during the proceedings, were the lienholders in danger of having their interests prejudiced. They were named by respondent and Code of Civil Procedure section 872.410 states that they should file an answer but this does not lead to the conclusion that their costs should be awarded under Code of Civil Procedure section 874.010. The lienholders base their claim on language in the trust deed which states that their costs shall be paid. They may recover from their trustor under the trust deed but not under the Code of Civil Procedure. *Regalado* v. *Regalado* (1961) 198 Cal.App.2d 549 [18 Cal.Rptr. 468], interpreted the predecessor of Code of Civil Procedure section 874.010. The trust deed in that case contained essentially the same language as the trust deed here. In disallowing the attorney's fees the court stated (at pp. 554-555): "'It will be observed, however, that the section [Code Civ. Proc., § 796] provides only that counsel fees may be included in the costs of partition expended by either plaintiff or defendant for the common benefit of all the parties to the action, and that they must be paid by the parties respectively entitled to share in the land divided.' [¶] We find nothing in the record indicating that legal services performed for Glendale Federal and Verdugo Service were for the common benefit of all parties to the suit. So far as appears, Glendale Federal and Verdugo Service were interested merely in receiving the balance owing on the note secured by the deed of trust." The common benefit doctrine is the basis of Code of Civil Procedure section 874.010. There is no showing that the appearances of the lienholders were for the common benefit. Therefore attorney fees are not allowable to them under the Code of Civil Procedure and they must pursue their contract rights under the trust deed to recover their costs.

The judgment is reversed insofar as it awards attorney fees with directions to recompute such fees and costs in accordance with this opinion. Otherwise the judgment is affirmed. Appellant shall recover his costs in this court.

Files, P. J., and Woods, J., concurred.