[No. B157517. Second Dist., Div. Seven. Aug. 20, 2003.]

KEVIN FINNEY, Plaintiff and Respondent, v.
JOHN GOMEZ, Defendant and Appellant.

528

**COUNSEL**

Law Office of Stephen S. Talt and Stephen S. Talt for Defendant and Appellant.

Sherman & Nathanson and Ken Nathanson for Plaintiff and Respondent.

**OPINION**

**JOHNSON, J.**—John Gomez appeals from a default judgment awarding Kevin Finney $51,989.96 in an action for partition, breach of contract, and contribution. Gomez contends the amount of the award violates Code of Civil Procedure section 580 subdivision (a), which provides in the case of a default "[the] relief granted to plaintiff … cannot exceed that which he or she shall have been demanded in his or her complaint …." We conclude the judgment is void for lack of jurisdiction because Finney's complaint failed to give Gomez notice of the type or amount of relief requested.

### FACTS AND PROCEEDINGS BELOW

Finney and Gomez purchased a four-bedroom home for $370,000 in Torrance as tenants in common. They each equally contributed to the down payment and closing costs.

At the time of purchase, Finney and Gomez entered into an oral contract which provided they would split the costs of ownership, maintenance, property taxes, and mortgage equally; each had a right of 50 percent ownership in the house; they would own the house for a minimum of three years; and each could rent out one or both of their bedrooms for income. Finney and Gomez also agreed the other party would be reimbursed the amount advanced over the 50 percent threshold in the event one party advanced or incurred these or other costs associated with common benefit of the property.

Finney and Gomez lived in the house until May of 1994, when Finney moved out. He continued to rent out his bedrooms and pay 50 percent of the costs.

In March of 1995, Gomez relocated to New York. Although he continued to pay his share of the mortgage, Gomez failed to pay any other expenses. Instead, Finney paid 100 percent of the property taxes, insurance, utilities, and other maintenance costs associated with the property. In July of 1999, Gomez ceased paying his share of the mortgage.

Finney filed this action for breach of the oral contract, partition of the property, and contribution, alleging Gomez failed to pay for the common expenses incurred for the property which were no less than $33,000. In his complaint, Finney requested repayment for half of the expenses incurred for the common benefit of the property which were "in excess of $33,000 [half of which appellant was responsible for]," the partition of the property by sale, the costs of partition including "reasonable attorney's fees for the common benefit of the parties," and any other relief the trial court deemed proper.

More specifically, in his prayer for relief, Finney requested "the costs of partition and of this action, including reasonable counsel fees expended by plaintiff for the common benefit of the parties, fees and expenses of referees, and more particularly that plaintiff be reimbursed for sums advanced beyond his 50 percent proportion thereof, and be specified in the judgement [*sic*] and become a lien on the share of the defendant Gomez; [¶] [and] ... For the costs of partition including attorney's fees, necessarily incurred by plaintiff for the common benefit in prosecuting this action; ..."

On the breach of contract cause of action Finney requested "general and special damages to be proven at the time of trial; [¶] ... the costs of partition, including attorney's fees, necessarily incurred by plaintiff for the common benefit in prosecuting this action; [¶] and ... such other and further relief as the court may deem just proper."

When Gomez failed to answer the complaint, Finney requested and obtained a default. The trial court entered an interlocutory judgment on March 16, 2000, ordering the partition by sale of the property and apportionment of the proceeds based on the proportion of the parties' interest in property. The court-appointed referee sold the property to Finney for $1,000 over the mortgage.

Contending he was not notified of the auction, Gomez moved to have the sale of the property set aside. The trial court denied the motion and confirmed the sale of the property to Finney.[1]

After a default prove-up hearing, the trial court entered a judgment for Finney in the amount of $60,536.96, comprising 50 percent of the expenses incurred for the common benefit of the parties, $8,550 for lost rental income,[2] 100 percent of the attorney's fees and costs associated with the partition, and 100 percent of a bankruptcy attorney's fees[3] allegedly incurred for the common benefit of the parties on partition.[4] This amount was $10,000 less than Finney requested at the prove-up hearing.[5]

Following the prove-up hearing and the entry of judgment, Finney garnished Gomez's wages. Gomez moved to have the judgment vacated, contending the trial court had violated California Code of Civil Procedure section 580[6] by awarding more damages than Finney had demanded in the complaint. In his motion, Gomez requested the trial court set aside the $60,536.96 judgment and enter a new judgment for $19,143.50.[7] After a hearing on the motion, the trial court vacated the previous judgment and entered a new one for $51,989.96.

Gomez filed a timely appeal from the new $51,989.96 judgment contending it violated section 580. He also contended the trial court abused its discretion when it awarded Finney 100 percent of the attorney's fees and costs associated with the partition.

---

[1] Gomez does not appeal the sale and partition of the property.

[2] Finney stated at prove-up hearing that he was unable to rent out the house beginning in March of 1999, because Gomez had asked him to remove all tenants so that they could settle the case.

[3] Finney contended that he sought the advice of a bankruptcy attorney after Gomez stated he was thinking about filing for bankruptcy.

[4] The total amount of attorney's fees requested in association with partition were $12,298 which represented $5,630 for Finney's attorney, $3,668 for the referee fees, and $3,000 for the bankruptcy attorney. Only $11,298 was awarded to Finney after the trial court deducted the $1,000 which Finney paid to the referee.

[5] The $10,000 represented half of the $20,000 relocation cost given to Gomez by his employer American Express. Finney, at trial, contended that Gomez had agreed to share half of the $20,000. The trial court found that there was no consideration for that promise.

[6] All statutes herein refer to the California Code of Civil Procedure unless otherwise specified.

[7] $33,000 represents the expenses Finney incurred for the common benefit of the property up to the date of the original action was filed. Finney requested only half of this amount, or $16,500. In his opposition to the default judgment of $60,536.96, Gomez only claimed that he was responsible for $2,643, half of the attorney's fees of $5,287. The $5,287 represented the original amount of attorney's fees. At the default prove-up hearing, Finney requested $5,630 for attorney's fees associated with partition.

We conclude section 580 limits the monetary relief available on a default judgment in a partition action to the specific dollar amount requested in the complaint. Furthermore, even if Finney had requested in his complaint the amount the trial court ultimately awarded, the court abused its discretion when it awarded Finney 100 percent of the attorney's fees and costs of partition and 100 percent of the bankruptcy attorney's fees.

DISCUSSION

I. *The Default Judgement Is Beyond the Jurisdiction of the Trial Court Because It Awards Monetary Relief Exceeding the Amount Requested in the Complaint.*

A. *As a Guarantee of Fundamental Fairness, Section 580 Requires the Money Awarded in a Default Judgment in a Partition Action Be Limited to the Specific Amount Demanded in the Complaint.*

Section 580, subdivision (a) provides: "The relief granted to the plaintiff, if there is no answer, cannot exceed that which he shall have demanded in his or her complaint ...." The courts have consistently held section 580 is an unqualified limit on the jurisdiction of courts entering default judgments.[8] As a general rule, a default judgment is limited to the damages of which the defendant had notice.[9] Further, the courts have reaffirmed the language of section 580 is mandatory.[10] Therefore, "in all default judgments the demand sets a ceiling on recovery."[11]

Gomez challenges the trial court's default judgment in favor of Finney insofar as it awards an amount in excess of the sum requested in the complaint. Gomez argues he had notice of no greater than the $16,500 (half of $33,000) which Finney specifically requested in his complaint. Therefore, he claims the trial court exceeded its jurisdiction under section 580 by awarding a judgment of $60,536.96, more than triple the amount specified in the complaint. Finney counters section 580 does not strictly apply to a cause of action such as partition where the court has broad powers and discretion to do equity. Further, Finney contends in a partition action the defendant possesses all of the information necessary to calculate the ultimate damages

---

[8] *Greenup v. Rodman* (1986) 42 Cal.3d 822, 826 [231 Cal.Rptr. 220, 726 P.2d 1295] ("the Courts of Appeal have consistently read the code to mean that a default judgment greater than the amount specifically demanded is void as beyond the court's jurisdiction."); see also *Schwab v. Rondel Homes, Inc.* (1991) 53 Cal.3d 428, 432–433 [280 Cal.Rptr. 83, 808 P.2d 226].

[9] *Schwab v. Rondel Homes, Inc., supra*, 53 Cal.3d at page 433.

[10] *In re Marriage of Lippel* (1990) 51 Cal.3d 1160, 1167 [276 Cal.Rptr. 290, 801 P.2d 1041].

[11] *Greenup v. Rodman, supra*, 42 Cal.3d at page 824.

and thus has adequate notice of a final equitable division by the court. We find the due process considerations underlying section 580 support Gomez's position.

 The notice requirements of due process lie at the core of section 580. Thus, our Supreme Court has affirmed section 580 must be strictly construed.[12] "The 'primary purpose of the section is to guarantee defaulting parties adequate notice of the maximum judgment that may be assessed against them.' "[13] Accordingly, in *Becker v. S.P.V. Construction Co.*, the court reversed the trial court's award of $26,457.50 in damages on a default judgment, when the complaint had prayed for compensatory damages " 'in excess of 20,000 ... or according to proof.' "[14] Reasoning a prayer for "damages according to proof" cannot ensure adequate notice of an award in excess of the specific amount demanded, the court held the judgment exceeded the trial court's jurisdiction.[15] The court explained the notice requirement of section 580 was designed to ensure fundamental fairness.[16] "Surely this would be undermined if the door were opened to speculation, no matter how reasonable it might appear in a particular case, that a prayer for damages according to proof provided adequate notice of a defaulting defendant's potential liability."[17] Furthermore, the high court has held "due process requires formal notice of potential liability; actual notice may not substitute for service of an amended complaint."[18]

In *Greenup v. Rodman* the court in reversing a default judgment in excess of the amount asked for in the complaint, further articulated the policy behind the notice requirement in section 580. The court explained: "notice enables a defendant to exercise his right to choose ... between (1) giving up his right to defend in exchange for the certainty that he cannot be held liable for more than a known amount, and (2) exercising his right to defend at the cost of exposing himself to greater liability."[19] The restrictions imposed by section 580 thus serve to ensure the defendant is able to make a fair and

---

[12] *Greenup v. Rodman, supra,* 42 Cal.3d at page 826.

[13] *In re Marriage of Lippel, supra,* 51 Cal.3d at page 1166; *Greenup v. Rodman, supra,* 42 Cal.3d pp. 825, 826; see also *Becker v. S.P.V. Construction Co.* (1980) 27 Cal.3d 489, 494 [165 Cal.Rptr. 825, 612 P.2d 915].

[14] *Becker v. S.P.V. Construction Co., supra,* 27 Cal.3d at page 492.

[15] *Becker v. S.P.V. Construction Co., supra,* 27 Cal.3d at pages 493–495.

[16] *Becker v. S.P.V. Construction Co., supra,* 27 Cal.3d at page 494.

[17] *Becker v. S.P.V. Construction Co., supra,* 27 Cal.3d at page 494; see also *Greenup v. Rodman, supra,* 42 Cal.3d at page 826.

[18] *Greenup v. Rodman, supra,* 42 Cal.3d at page 826.

[19] *Greenup v. Rodman, supra,* 42 Cal.3d at page 829.

informed choice.[20] Therefore, as a general rule, in order to ensure notice, the default judgment must be limited to the specific amount of relief demanded in the complaint.[21]

Here, Finney's complaint and prayer for relief gave notice of only $16,500 in damages. Finney's complaint pleading breach of contract, partition, and contribution, alleged he was due either half of the sum "in excess of $33,000" or "not less than $16,500." Because Finney's prayer simply asked for "damages according to proof," it provided notice only to the extent that a specific amount was alleged in the body of the complaint.

Our Supreme Court, in *Becker*, clearly stated section 580 applies to both the type and amount of relief demanded in the complaint.[22] Nonetheless, Finney argues the court's subsequent dicta in *In re Marriage of Lippel* supports the proposal section 580 limits the award to the type of relief, but not in all cases, to the specific amount requested.

In *Lippel*, the California Supreme Court reversed a default judgment awarding child support in a marital dissolution action where notice of such relief had not been provided.[23] The action was initiated by the wife, who filed a statutorily mandated standard printed form petition for dissolution of marriage which contained boxes to be checked in order to indicate the type of relief requested.[24] She failed to check the box for child support which specified, " 'Petitioner requests that: ... (c) Support of children be awarded if need is found.' "[25] The Supreme Court held there was no notice of child support as potentially being put in issue because the complaint did not specifically request such relief.[26] The court did not reach the issue of the award exceeding the specific dollar amount in the complaint because the complaint did not even give notice of the *type* of excess relief which was granted.[27] Furthermore, the husband could not have attacked the amount awarded because the time to appeal the judgment had long since expired. The only avenue open was a collateral attack on the award of any child support as beyond the trial court's jurisdiction.

---

[20] *Greenup v. Rodman, supra*, 42 Cal.3d at page 829.

[21] *Becker v. S.P.V. Construction Co., supra*, 27 Cal.3d at page 494.

[22] *Becker v. S.P.V. Construction Co., supra*, 27 Cal.3d at pages 493–494 (stating that "the language of section 580 does not distinguish between the type and the amount of relief sought. The plain meaning of the prohibition against relief 'exceed[ing]' that demanded in the complaint encompasses both of these considerations").

[23] *In re Marriage of Lippel, supra*, 51 Cal.3d at page 1163.

[24] *In re Marriage of Lippel, supra*, 51 Cal.3d at page 1163.

[25] *In re Marriage of Lippel, supra*, 51 Cal.3d at page 1163.

[26] *In re Marriage of Lippel, supra*, 51 Cal.3d at pages 1170–1171.

[27] *In re Marriage of Lippel, supra*, 51 Cal.3d at page 1170.

In dicta, the *Lippel* court indicated checking the appropriate box on the complaint would have provided notice of the specific relief requested.[28] Thus, the court found the checking or not checking of boxes on a form complaint "[c]oupled with the requirement that the [defendant] be served with a copy of the petition ... informs and puts the [defendant] on notice of what specific relief the petitioner is, or is not, seeking."[29]

*Lippel* was decided in the special context of a marital dissolution action, and stands for the proposition a plaintiff who checks the appropriate box provides adequate notice of the type of relief awarded in a default. Read more broadly, it *may* allow the judgment to exceed the *amount* in the complaint, if any, but only when the type of relief is specified via a statutorily mandated form complaint which does not provide the ability to indicate an exact amount.

Finney uses the dicta in *Lippel* regarding provision of notice of the type of award requested on a form complaint, to argue his complaint for partition only needed to provide notice of the *type* of relief requested. Thus, Finney urges Gomez had notice of the ultimate award in excess of $16,500 as part of the general type of equitable relief available in a partition and accounting.

We do not believe the *Lippel* court intended such a procedure would provide sufficient notice in cases other than where there is a statutorily mandated form petition.[30] While in *Lippel* the Family Law Act provided the procedure in which notice was established via form complaints, here the strict requirements of section 580 are the only applicable procedural standard. Furthermore, unlike *Lippel* where the court found the checking of boxes on a mandatory form complaint established notice of a *type* of relief, Finney's nonform complaint for partition did not provide specific notice of the ultimate money award in excess of the dollar amount demanded. Further, the limitation of the decision in *Lippel* is apparent in the court's reaffirmation of its previous holdings in *Greenup* and *Becker*.[31] As the court in *Lippel* concluded, section 580 must be strictly construed in order to prevent " 'a procedure under which a defendant may be *trapped* by a default judgment.' "[32]

Finney further asserts section 580 does not apply strictly to causes of action in equity. He provides no authority for this assertion other than a

---

[28] See *In re Marriage of Lippel, supra,* 51 Cal.3d at page 1169.

[29] *In re Marriage of Lippel, supra,* 51 Cal.3d at pages 1169–1170.

[30] See *In re Marriage of Lippel, supra,* 51 Cal.3d at page 1169.

[31] The court approvingly cited *Becker v. S.P.V. Construction Co., supra,* 27 Cal.3d 489, 494 (*In re Marriage of Lippel, supra,* 51 Cal.3d at p. 1166); and *Greenup v. Rodman, supra,* 42 Cal.3d 822, 824, as holding "in all default judgments the demand sets a ceiling on recovery."

[32] See *In re Marriage of Lippel, supra,* 51 Cal.3d 1160, 1167, citing *Burtnett v. King* (1949) 33 Cal.2d. 805, 811 [205 P.2d 657].

broad, general statement on the applicability of procedural rules to the powers of a court to do equity. He cites *Richmond v. Dofflemyer* for the proposition "[a] court of equity has broad powers and comparatively unlimited discretion to do equity without being bound by any strict rules of procedure."[33] This rationale simply does not apply to section 580, because, as explained above, the section is far from a simple procedural housekeeping rule which loses its force simply by virtue of a cause of action sounding in equity. Rather, the section is fundamental to the constitutionally required notice to a defendant deciding whether to answer a complaint or assume the potential exposure in not doing so.

Finney additionally contends the rationales of *Becker* and *Greenup* do not apply to equitable partition actions where damage is ongoing, liability continues to accrue, and specific damages cannot be accurately stated at the time of the filing of the complaint.[34] Although liability may be ongoing, as we discuss below, such difficulty can be solved without prejudice to the defendant by estimating the amount in the complaint, filing an amended complaint or serving a damage statement prior to default.[35]

> B. *Although a Partition Action Under Section 872.140 May Include a Final Accounting, a Defendant Has Not Been Given Notice Sufficient to Satisfy the Requirements of Section 580 When the Accounting Exceeds the Amount Specifically Requested in the Complaint.*

In his complaint, Finney requested reimbursement for "50 percent of all of the expenses incurred for the common benefit" but did not specifically ask for an accounting. Finney urges, however, for the purposes of notice under section 580, a partition action should be treated as if it implicitly includes an accounting. Accordingly, he contends an exception to section 580 is applicable to accountings and actions with similar circumstances. Further, he argues more broadly, the court possesses a wide range of equitable discretion in a partition action to order equitable relief outside the limitations of section 580.

---

[33] *Richmond v. Dofflemyer* (1980) 105 Cal.App.3d 745, 766 [164 Cal.Rptr. 727].

[34] Property expenses requested in Finney's complaint such as real property taxes, maintenance, repairs, and utilities were ongoing at the time the petition was filed. Additionally, Gomez had not yet stopped paying the principal and interest on the mortgage at that time.

[35] See, e.g., *Janssen v. Luu* (1997) 57 Cal.App.4th 272, 279 [66 Cal.Rptr.2d 838]; see also, e.g., *Ely v. Gray* (1990) 224 Cal.App.3d 1257, 1262–1263 [274 Cal.Rptr. 536].

There is merit to the contention a plaintiff may be generally entitled to an accounting by requesting a partition.[36] Section 872.140 provides a court effecting a partition *"may,* in all cases, order allowance, accounting, contribution, or other compensatory adjustment among the parties according to the principles of equity." (Italics added). Nothing in this provision or the overall statutory framework, however, indicates we can dispense with the notice requirements provided for in default judgments by section 580.[37] As the California Supreme Court clearly established in *Becker,* section 580 encompasses the required provision of notice of both amount and type of relief.[38] ■ Likewise, while a court generally may provide an accounting in a partition action under section 872.140, it cannot do so at the expense of a defendant's constitutional right to notice.

In *Lippel,* the court addressed a similar discretionary provision in former Civil Code section 4700, granting the court authority to order child support.[39] The court held, despite the statutory allowance, there must be a specific request for child support in the complaint in order to provide adequate notice of such relief with respect to a default judgment.[40] Here, Finney did not provide sufficient notice to Gomez of an accounting being sought because the complaint and prayer did not request such relief. Arguably, on an inspection of the partition statute and case law, Gomez might have known an accounting could be awarded. However, constructive notice on the part of defendants is not adequate: " 'due process requires that they know *exactly* what risk they assume by not responding to the pleading.' "[41] Even if adequate notice of an accounting could be provided by simply requesting a partition, an award beyond the specific *amount* demanded by Finney is nonetheless precluded by the limitations of section 580.

Relying on the holdings in *Cassel v. Sullivan, Roche & Johnson*[42] and *In re Marriage of Andresen,*[43] Finney further contends an accounting action (and

---

[36] *Wallace v. Daley* (1990) 220 Cal.App.3d 1028, 1035 [270 Cal.Rptr. 85] ("Every partition action includes a final accounting according to the principles of equity for both charges and credits upon each cotenant's interest."); see also *Demetris v. Demetris* (1954) 125 Cal.App.2d 440, 445 [270 P.2d 891] (" 'Where one cotenant has paid more than his proportion of the purchase price of the land, he is entitled on partition to an accounting therefor' "); see also generally 5 Miller and Starr, California Real Estate (3d ed. 2000) Holding Title, section 12:19, pages 42–44.

[37] See sections 872.010–874.240.

[38] *Becker v. S.P.V. Construction Co., supra,* 27 Cal.3d at pages 493–494.

[39] *In re Marriage of Lippel, supra,* 51 Cal.3d at page 1171.

[40] *In re Marriage of Lippel, supra,* 51 Cal.3d at page 1171.

[41] *Janssen v. Luu, supra,* 57 Cal.App.4th at page 277 (italics added).

[42] *Cassel v. Sullivan, Roche & Johnson* (1999) 76 Cal.App.4th 1157 [90 Cal.Rptr.2d 899].

[43] *In re Marriage of Andresen* (1994) 28 Cal.App.4th 873 [34 Cal.Rptr.2d 147].

by extension a partition action) does not require the specification of a precise amount in the complaint in order to satisfy section 580.

In *Cassel*, the Fifth District upheld a default judgment in favor of a plaintiff who sought in his complaint an accounting and valuation of his interest in a partnership.[44] Cassel's complaint alleged the defendants were in possession of the essential financial information and accounts necessary to value his interest in the partnership.[45] Additionally, the complaint alleged the partners had refused his requests for an accounting of his interest.[46] After the defendants defaulted, the trial court awarded Cassel $305,690 plus $5,000 in attorney's fees. The court subsequently granted defendant's motion to set aside the default judgment in excess of the amount stated in the complaint on the ground Cassel was required to serve a statement of damages before obtaining the default judgment.[47] Upon this ruling, Cassel served a statement of damages on the partnership which then participated in a second prove-up hearing.[48] Subsequently, a second judgment was entered in favor of Cassel for the same amount as the original judgment, $305,690 in damages. Additionally, the court granted his attorney's fees and interest, set at $95,000.[49] The Court of Appeal reversed the second judgment as superfluous and reinstated the original award.[50]

The *Cassel* court explained the partnership was in possession of a partnership agreement, which set out a specific method for calculating a withdrawing partner's interest.[51] The court further found, as stated in the complaint, the partners were in possession of greater information than was possessed by Cassel with respect to the partnership's finances.[52] There would be no danger the defendants would be surprised, the court reasoned, because the partners possessed the essential information necessary to precisely calculate the potential exposure upon a default.[53] Persuaded by these circumstances, the court held, "[I]n an action seeking to account for and value a former partner's partnership interest and for payment of that interest, the complaint need only specify the type of relief requested, and not the specific dollar amount sought."[54]

[44] *Cassel v. Sullivan, Roche & Johnson, supra*, 76 Cal.App.4th at pages 1159–1160.
[45] *Cassel v. Sullivan, Roche & Johnson, supra*, 76 Cal.App.4th at pages 1160–1161.
[46] *Cassel v. Sullivan, Roche & Johnson, supra*, 76 Cal.App.4th at pages 1160–1161.
[47] *Cassel v. Sullivan, Roche & Johnson, supra*, 76 Cal.App.4th at page 1160.
[48] *Cassel v. Sullivan, Roche & Johnson, supra*, 76 Cal.App.4th at page 1160.
[49] *Cassel v. Sullivan, Roche & Johnson, supra*, 76 Cal.App.4th at page 1160.
[50] *Cassel v. Sullivan, Roche & Johnson, supra*, 76 Cal.App.4th at page 1164.
[51] *Cassel v. Sullivan, Roche & Johnson, supra*, 76 Cal.App.4th at page 1163.
[52] *Cassel v. Sullivan, Roche & Johnson, supra*, 76 Cal.App.4th at page 1163.
[53] *Cassel v. Sullivan, Roche & Johnson, supra*, 76 Cal.App.4th at page 1164.
[54] *Cassel v. Sullivan, Roche & Johnson, supra*, 76 Cal. App.4th at pages 1163–1164.

The *Cassel* court expressly based its decision, in part, on the holding of *In re Marriage of Lippel.*[55] In *Lippel*, it will be recalled, the court found an award of child support in a divorce action to be void because the wife had failed to check the appropriate box for such relief on the mandatory form complaint, precluding the provision of adequate notice. As discussed above, because *Lippel* involved a collateral attack, the court only needed to address the type of relief awarded, but not the amount in excess of the complaint. Nonetheless, the court indicated with respect to the mandatory standard form dissolution petition, "the manner in which these boxes are checked, or not checked, informs and puts the respondent on notice of what specific relief the petitioner is, or is not, seeking."[56] Citing *Lippel*, the *Cassel* court construed section 580 as allowing a plaintiff pleading an accounting to receive a default judgment in excess of the specific dollar amount requested, as long as such general *type* of relief conformed to the complaint.[57] Thus, the *Cassel* court stated, in *Lippel*, "the crucial factor ... was not that no *amount* of support had been requested in the wife's dissolution petition but that she had not marked the box indicating that she was seeking child support as a *form of relief*."[58] In light of this aspect of *Lippel*, the court held notice of a default judgment is sufficient when the type of relief requested involves the defendant being in possession of the information necessary to calculate the ultimate exposure.[59] The *Cassel* court thus relied on the reasoning in *Lippel* regarding the provision of notice via form complaints and extended it to justify a broad, unclear exception to section 580. Additionally, *Cassel* failed to recognize the *Lippel* court was confined to ruling on the extent to which the award conformed to the type of relief requested, and did not need to reach the issue of the amount exceeding the relief prayed for in the complaint. We decline to follow the *Cassel* court by extending the reasoning of *Lippel* to reach relief afforded in an action for partition.

An extension of the reasoning in *Lippel* beyond the unique circumstances of marital dissolution actions entails a departure from the fundamental fairness section 580 was intended to protect. Some individual cases of partition may involve a defendant possessing from the outset, *all* the information necessary to assess the ultimate judgment. However, in order to protect notice and fundamental fairness in all cases, such individual cases cannot lessen the requirements of section 580. Additionally, allowing damages in a default judgment to run beyond the specific amount requested places an unfair burden on defendants who do not necessarily have all the information required to calculate the risk of defaulting. Therefore, we find the rationale of

---

[55] See *Cassel v. Sullivan, Roche & Johnson, supra,* 76 Cal.App.4th at pages 1161–1162.

[56] *In re Marriage of Lippel, supra,* 51 Cal.3d at pages 1169–1170.

[57] See *Cassel v. Sullivan, Roche & Johnson, supra,* 76 Cal.App.4th at page 1164.

[58] *Cassel v. Sullivan, Roche & Johnson, supra,* 76 Cal.App.4th at page 1161.

[59] *Cassel v. Sullivan, Roche & Johnson, supra,* 76 Cal.App.4th at page 1164.

*Cassel* runs counter to the primary purpose of section 580 of ensuring notice and fundamental fairness.[60] ■ The Supreme Court via its holding in *Lippel* may have reserved the possibility of a limited exception with respect to statutorily provided notice via form complaints in marital dissolution actions; nonetheless, it is clear the stringent notice requirements behind section 580 apply with full force to partition actions brought in order to divide a tenancy in common. To hold otherwise would leave the door wide open for courts to subject defaulting defendants, without notice, to open-ended liability.[61]

Finney additionally relies on *In re Marriage of Andresen*[62] to contend section 580 does not strictly apply to actions such as a partition, where the court acts to carry out an equitable property division.[63] In *Andresen*, the Fifth Appellate District upheld a default judgment in a marital dissolution action in which the form petition required primarily the checking of a box asking for "property rights [to] be determined."[64] The wife's petition did not allege any specific kind and amount of relief such as the equalizing payment included in the final award.[65] The court declared, for the purposes of *marital dissolution* actions, sufficient notice is given under section 580 by the act of checking the appropriate boxes according to the instructions on the standard form complaint.[66] The court found "nothing in the language of *Lippel* which compels a conclusion that the amount of the relief requested, as contrasted with the type of relief requested, must be inserted in the relevant form if the form does not itself expressly demand such data."[67] This holding and rationale makes sense when applied to form complaints in marital dissolution actions. An extension of the holding of *Andresen* is unwarranted under the circumstances of the present case, however, as Finney was not confined to a mandatory form petition. Furthermore, unlike a marital dissolution action in which the court *must* value and divide the community estate of the parties equally, the ordering of an accounting under the partition statute falls under the wide range of discretion accorded a court in equity. The concept of fundamental fairness suggests such discretion at equity does not include the awarding of judgments where there has not been adequate notice, no matter how reasonable it may appear in the instant case.

---

[60] See *Greenup v. Rodman, supra*, 42 Cal.3d at page 826.

[61] See *Greenup v. Rodman, supra*, 42 Cal.3d at page 826.

[62] *In re Marriage of Andresen, supra*, 28 Cal.App.4th 873.

[63] *Andresen* was also cited by the *Cassel* court as applicable beyond the narrow circumstances of a marital dissolution action where form petitions govern the manner in which notice is provided (*Cassel v. Sullivan, Roche, & Johnson, supra*, 76 Cal.App.4th at p. 1162).

[64] *In re Marriage of Andresen, supra*, 28 Cal.App.4th at page 876.

[65] *In re Marriage of Andresen, supra*, 28 Cal.App.4th at page 878.

[66] *In re Marriage of Andresen, supra*, 28 Cal.App.4th at page 879.

[67] *In re Marriage of Andresen, supra*, 28 Cal.App.4th at page 879.

The proper application of section 580 to partition actions is explained in *Ely v. Gray*.[68] In *Ely*, the plaintiff sought a dissolution and accounting on two partnerships.[69] Neither the body of the complaint nor the prayer for relief specified or estimated the amount requested.[70] Such a practice was in accord with the principle applied in accounting actions, that is, generally no precise amount can be specified.[71] After the defendant failed to answer the complaint, the plaintiff requested a default judgment.[72] Upon a default award for the plaintiff for more than $44,000, the defendant appealed.[73] The Court of Appeal reversed the judgment, reasoning the absence of a specific sum in the complaint deprived the defendant of adequate notice under section 580.[74] The court took note of the difficulties in providing a precise sum in a complaint for an accounting.[75] ■ Generally, the court explained, a suit will not lie for an accounting where "it appears from the complaint that none is necessary or that there is an adequate remedy at law. [Citations]."[76] Thus, an accounting will not be accorded with respect to a sum a plaintiff seeks to recover and alleges in his complaint to be a sum certain.[77] Nonetheless, because the end result of an accounting is the determination of a certain amount of money or property owed between the parties, the court found the notice requirements were not "satisfied by the specification of an accounting as the *type* of relief requested."[78] ■ As consistently applied by the courts, due process requires notice of the specific financial exposure facing defaulting defendants.[79] Consequently, when the type of relief (i.e., partition) entails the determination of a specific dollar amount, the due process requirements of section 580 apply with respect to the provision of notice of the maximum sum to be awarded.

Facing a similar dilemma as in the present case where Finney encountered the difficult task of setting a precise amount in his complaint, the court in *Ely* proposed a fair solution. ■ Plaintiffs seeking an equitable partition and accounting have two reasonable options. They can either (1) include an estimate of the amount of money due, and receive a default judgment limited to such an amount or (2) similar to the procedure outlined for personal injury

[68] See *Ely v. Gray* (1990) 224 Cal.App.3d 1257, 1262 [274 Cal.Rptr. 536].

[69] *Ely v. Gray, supra,* 224 Cal.App.3d at page 1260.

[70] *Ely v. Gray, supra,* 224 Cal.App.3d at page 1260.

[71] *Ely v. Gray, supra,* 224 Cal.App.3d at pages 1259–1260.

[72] *Ely v. Gray, supra,* 224 Cal.App.3d at page 1260.

[73] *Ely v. Gray, supra,* 224 Cal.App.3d at page 1260.

[74] *Ely v. Gray, supra,* 224 Cal.App.3d at page 1263.

[75] See *Ely v. Gray, supra,* 224 Cal.App.3d at page 1262 (citing *St. James Church v. Superior Court* (1955) 135 Cal.App.2d 352, 359 [287 P.2d 387]).

[76] *Ely v. Gray, supra,* 224 Cal.App.3d at page 1262.

[77] *Ely v. Gray, supra,* 224 Cal.App.3d at page 1262.

[78] *Ely v. Gray, supra,* 224 Cal.App.3d at page 1262.

[79] *Ely v. Gray, supra,* 224 Cal.App.3d at page 1262.

suits, serve the defendant with a precise statement of damages at a reasonable time before the default is entered.[80] ▮▮ Because Finney offered proof of the amount due at the default hearing, it would not have been unfair to require him to specify a precise amount prior to the default. The option of serving a damage statement would have satisfied due process while simultaneously allowing Finney to obtain a judgment for the uncertain amounts ongoing at the time of the complaint. Moreover, this would not significantly compromise Finney's ability to obtain the full amount due. Thus, if Finney was not willing to be bound by an estimate on the mortgage payments, utilities, and common expenses, he could have provided adequate notice through a damages statement. Like the court in *Ely*, we do not find this requirement to be burdensome because a plaintiff must, as did Finney, prove to some degree a defendant's liability in order to receive a default award.[81]

▮▮ In conclusion, a plaintiff who seeks a partition can provide post-complaint, predefault notice to the defendant of the amount to be sought if the defendant defaults. Otherwise, in a partition action, generally, an amount awarded on default in excess of the specific dollar amount listed in the complaint is beyond the jurisdiction of the court.

II. *The Award of Attorney's Fees and Costs for the Common Benefit of the Partition May Be Awarded Beyond the Specific Amount Stated in the Complaint Because Gomez Has Conceded His Responsibility for at Least Part of Such Expenses.*

Gomez concedes he owes the fees and costs for the common benefit of the property. Therefore, we need not reach the issue of whether the statutorily mandated award of costs was void under section 580.[82] Specifically, Gomez acknowledges responsibility for half of the reasonable attorney's fees and costs in the amount of $4,145.[83]

---

[80] *Ely v. Gray, supra,* 224 Cal.App.3d at page 1262; and see *Janssen v. Luu, supra,* 57 Cal.App.4th at page 279 (finding plaintiff "could have made an educated guess as to the amount of his total damages and demanded that amount in his complaint").

[81] *Ely v. Gray, supra,* 224 Cal.App.3d at page 1263.

[82] Sections 874.010 and 874.040 provide the court "shall" apportion costs and attorney's fees among the parties; see *Janssen v. Luu, supra,* 57 Cal.App.4th at page 275 (holding an award for attorney's fees and costs in excess of amount specifically pled in complaint was void under § 580).

[83] In his opening brief Gomez writes: "Appellant respectfully requests that this court enter an order directing the trial court to vacate the Judgment and enter a new Judgment for $16,500 in damages and $4,145 in fees and costs incurred for the common benefit of the parties."

III. *The Trial Court Abused Its Discretion When It Apportioned 100 Percent of the Fees and Costs of Partition of the Property to Finney.*

Gomez argues even if a trial court can award a greater amount than specified in the complaint upon a default judgment in a partition action, the trial court abused its discretion by awarding Finney 100 percent of the attorney's fees and costs of the partition. Because Finney requested attorney's fees and costs pursuant to section 874.010, Gomez contends the trial court should have awarded Finney only 50 percent of the fees and costs.

A. *Standard of Review*

 The standard of review on issues of attorney's fees and costs is abuse of discretion. The trial court's decision will only be disturbed when there is no substantial evidence to support the trial court's findings or when there has been a miscarriage of justice.[84] If the trial court has made no findings, the reviewing court will infer all findings necessary to support the judgment and then examine the record to see if the findings are based on substantial evidence.[85]

B. *Ordinarily Costs and Fees in a Partition Action Should Be Divided Proportionally Based on the Parties' Ownership Interest in the Property.*

 A trial court can only award attorney's fees and costs based on contract or statute.[86] Section 874.010, subdivisions (a) and (b), on which Finney primarily relies, states in partition actions the court may award "reasonable attorney's fees incurred or paid by a party for the common benefit" and "the fee and expenses of the referee." Section 874.040, the companion to 874.010, states the court shall apportion the costs and fees of partition "among the parties in proportion to their interests or make such other apportionment as may be equitable."

Section 874.040 has been consistently interpreted as giving courts only two options in apportioning the costs and fees of a partition action. The court may apportion the fees and costs based on the parties' respective interests in the property, or it may apportion the costs and fees based on some other equitable apportionment.[87] The Law Revision Commission comments to section

---

[84] *Beach Colony II v. California Coastal Com.* (1985) 166 Cal.App.3d 106, 110 [212 Cal.Rptr. 485].

[85] *Beach Colony II v. California Coastal Com., supra,* 166 Cal.App.3d at page 110.

[86] *Reynolds Metals Co. v. Alperson* (1979) 25 Cal.3d 124, 128 [158 Cal.Rptr. 1, 599 P.2d 83].

[87] *Stutz v. Davis* (1981) 122 Cal.App.3d 1, 3–4 [175 Cal.Rptr. 701].

874.040 offer the only guidance as to what constitutes "other apportion-ment[s] as may be equitable." The comment states: "Although normally the costs of partition are apportioned in proportion to the interests of the parties, there may be cases in which some other arrangement will be equitable. *Where litigation for the common benefit arises among only some of the parties*, or *where the interest of the parties in all items, lots, or parcels of property are not identical*, the court may segregate the costs of partition to the extent practicable and apportion a part among particular parties only."[88]

Finney argues he was not limited to 50 percent of the fees and costs, and thus the trial court did not abuse its discretion in awarding him 100 percent. In support of his argument Finney relies on *Stutz v. Davis*, the only California case on this particular issue in the last quarter-century. Although he correctly acknowledges *Stutz* stated a trial court may equitably apportion fees and costs, this is not the central holding of the case. Rather, *Stutz* primarily holds a trial court *ordinarily* should apportion the fees and costs based on the parties' proportion of interest in the property, making the equitable apportion-ment option the exception rather than the rule. " 'Except as otherwise provided in this article, the court shall apportion the costs of partition among the parties in proportion to their interests or make such other apportionment as may be equitable,' *leads to the conclusion that costs should be awarded in proportion to the litigant's interest in the property*."[89]

In *Stutz*, the appellate court held the trial court had erred in apportioning 100 percent of the attorney's fees and costs of a partition to the respondent.[90] At issue on appeal was the trial court's application of the parties' respective one-third and two-thirds interest in ownership of the property.[91] The appellate court held the trial court had based its apportionment on the correct ratio; however, its application of the ratio to the amount of money in escrow rather than the proceeds of the sale was erroneous because it effectively awarded the respondent 100 percent of the attorney's fees and costs.[92]

Despite recognizing the trial court could apportion fees and costs on some other equitable apportionment, the court in *Stutz* held a trial court should *normally* apportion the costs on the parties' interest in ownership.[93] In drawing its conclusion, the court reasoned those parties who share in the

---

[88] California Law Revision Commission comment, 17A West's Annotated Code (1980 ed.) following section 874.040, page 586. (Italics added.)

[89] *Stutz v. Davis, supra,* 122 Cal.App.3d at page 4. (Italics added.)

[90] *Stutz v. Davis, supra,* 122 Cal.App.3d at page 5.

[91] *Stutz v. Davis, supra,* 122 Cal.App.3d at page 4.

[92] *Stutz v. Davis, supra,* 122 Cal.App.3d at pages 4–5.

[93] *Stutz v. Davis, supra,* 122 Cal.App.3d at pages 4–5.

benefits of the proceedings should share in the costs equal to those benefits.[94] Accordingly, in the absence of any substantial evidence to support an equitable apportionment, the appellate court reversed the trial court's decision, entering a new judgment the fees and costs to be apportioned based on the parties' proportion of interest in the property.[95]

Thus, contrary to Finney's contention, if the trial court did not apportion the fees and costs based on his and Gomez's proportion of interest in the property, and if the record contains no substantial evidence to support any other equitable apportionment, *Stutz* holds the trial court must be reversed.

C. *There Is No Substantial Evidence to Support the Trial Court's Decision to Deviate from a 50/50 Apportionment of the Attorney's Fees and Cost of the Partition.*

1. *The trial court did not apportion the fees and costs associated with partition among the parties in proportion to their interest of ownership.*

The trial court awarded 100 percent of the costs and fees of the partition to Finney. However, all evidence shows Gomez and Finney had an equal proportion of interest in ownership. Both contributed equally to the downpayment and closing costs of the property. Finney himself asserts they were to each have an equal interest in ownership of the property as well as contribute equally to the costs and expenditures associated with the maintenance of the property. He presented evidence at the default prove-up hearing showing the reasonable attorney fees for the partition and the referee costs as $5,630 and $2,668.84 respectively. An award based on Gomez's and Finney's proportions of interest would have yielded an award of $4,145 rather than $8,290.

2. *The trial court abused its discretion when it awarded 100 percent of fees and costs for partition to Finney because there is no substantial basis for doing so.*

The Law Revision Commission offered only two instances where a trial court might choose to make an equitable apportionment, neither of which is present in this case.

---

[94] *Stutz v. Davis, supra,* 122 Cal.App.3d at page 4 (" '[T]he purpose of the statute is to divide the cost of the legal services among the parties benefited by the result of the proceeding.' Both appellant and respondent benefited from the proceedings and they should bear costs in accordance with their interest in the real property"); citing *Stewart v. Abernathy* (1944) 62 Cal.App.2d 429, 433 [144 P.2d 844].

[95] See *Stutz v. Davis, supra,* 122 Cal.App.3d at page 5.

"Where litigation for the common benefit arises among only some of the parties,"[96] a trial court could separate the costs among those particular parties only. However, the record contains no evidence suggesting the common benefit only arose among some of the parties. Gomez and Finney are the only two parties in this litigation, the only owners of the property, and only parties in the partition action. Thus the litigation for the common benefit arose only among Gomez and Finney. Any benefits which arose from the partition were either shared among them or conferred to only one party; there is no evidence to substantiate the latter.

According to the Commission, the only other circumstance which may justify a trial court's decision to deviate from a proportional apportionment occurs "where the interest of the parties in all items, lots, or parcels of property are not identical."[97] Once again, the record does not show either Finney or Gomez had a dissimilar interest in the property. Instead, Finney himself repeatedly stated he and Gomez contributed equally to the purchase of the property and, for some period of time, both contributed equally to the expenditures for the maintenance and upkeep of the property. Neither the evidence nor the complaint suggested Gomez had any more of an interest in the property and it certainly contained no evidence suggesting he had a 100 percent interest in the property. In fact it seems counterintuitive for the trial court to order the proceeds of the property split based on the parties' interest in ownership but only award the costs and fees for the common benefit of the partition to Finney.

With no substantial evidence to support the trial court's decision to award 100 percent of the fees and costs to Finney, the award was an abuse of discretion and must be reversed.

## IV. *The Trial Court Abused Its Discretion When It Apportioned 100 Percent of the Banruptcy Attorney's Fees to Finney.*

■ In a partition action, a court can only award those costs and fees incurred for the common benefit of the parties.[98] What constitutes "for the common benefit" is to be determined based on the facts and circumstances of each particular case.[99] Typically reviewing courts have not found the fees and costs incurred in adjudicating contentious issues between parties to a partition

---

[96] California Law Revision Commission comment, 17A West's Annotated Code, *supra,* following section 874.040, page 586.

[97] California Law Revision Commission comment, 17A West's Annotated Code, *supra,* following section 874.040, page 586.

[98] Section 874.010.

[99] *Stewart v. Abernathy, supra,* 62 Cal.App.2d at page 433.

to be "for the common benefit."[100] In some instances, the reviewing court has inquired into whose interests were being protected by the services provided, whether the services contributed anything of benefit to the cotenants, or whether one party's counsel's services made the proceedings any more advantageous to the other party.[101]

Gomez argues the $3,000 bankruptcy fees were not incurred for the common benefit of the parties, but rather solely for Finney's benefit. The record does not contain any evidence suggesting the bankruptcy fees were for the common benefit of both parties. The only evidence Finney provided with respect to the fees was his testimony he sought a bankruptcy attorney to "get [his] input on what I should do on the case." The evidence is silent on whether Gomez benefited from the bankruptcy attorney's services, especially because it was unclear whether he was even going to file for bankruptcy at all. Moreover, the trial court did not ask if the bankruptcy attorney's services benefited Gomez, if they contributed anything of benefit to either of the cotenants in the context of the partition, or if they were advantageous to Gomez. Furthermore, the trial court did not state its rationale for awarding those fees. In the absence of any rationale by the trial court and any evidence in the record suggesting the fees were for the common benefit, the trial court abused its discretion in awarding the bankruptcy attorney's fees to Finney.

Even had there existed some substantial basis for its decision to award Finney the bankruptcy attorney's fees, the trial court still did not determine whether those attorney's fees were reasonable. Gomez correctly argues a trial court must look at a number of factors to determine whether the attorney's fees were reasonable.[102] Such an inquiry is unnecessary when the trial court is able to gauge the attorney's services and skill for itself.[103] In the absence

---

[100] *Capuccio v. Caire* (1929) 207 Cal. 200, 208–209 [277 P. 475].

[101] *Stewart v. Abernathy, supra,* 62 Cal.App.2d at pages 432–433 (holding in a partition action the trial court erred in awarding attorney fees and costs to defendant, reasoning his counsel's services were not for the common benefit since they did not protect any interest but his own, did not contribute any benefit to the other cotenants, or make the proceedings any more advantageous to the plaintiff); *Stutz v. Davis, supra,* 122 Cal.App.3d at page 4 (in a partition action, appellate court did not award other defendants' attorney fees and costs because their counsel did not perform services for the common benefit of all the parties in the partition).

[102] *Contractors Labor Pool, Inc. v. Westway Contractors, Inc.* (1997) 53 Cal.App.4th 152, 168 [61 Cal.Rptr.2d 715] ("In determining what constitutes a reasonable attorney fee when a contract or statute provides for such an award, courts should consider the nature of the litigation, its difficulty, the amount involved, and the skill required and success of the attorney's efforts, his or her learning, age, and experience in the particular type of work demanded ....").

[103] *Jones v. Jones* (1955) 135 Cal.App.2d 52, 64 [286 P.2d 908] ("Evidence as to such reasonable value of the services is necessarily before the trial court when it hears a case. The

of this exception, when the court has awarded fees without such an inquiry, it has been reversed.[104] In the case before us, the bankruptcy attorney did not practice before this particular judge and thus that exception is inapplicable. Additionally, the trial court did not consider any factors normally weighed when awarding attorney's fees. Accordingly, even if these fees were for the common benefit of the parties, the trial court's failure to determine whether the fees were reasonable constitutes abuse of discretion warranting reversal.

Finally, assuming the fees were reasonable, the trial court still abused it discretion by awarding Finney 100 percent of those attorney's fees. If these fees were truly for the common benefit, then they should have been apportioned pursuant to section 874.040. As stated above, there is no substantial basis for awarding fees and costs in this case other than on the parties' proportion of interest in the property. Consequently, as with the other attorney fees and costs, a 100 percent apportionment of these fees constitutes an abuse of discretion.

### V. *The Judgment and Award of Fees and Costs Were Prejudicial to Gomez.*

An error made by a trial court must be prejudicial to be reversed.[105] An error is prejudicial where there is a good probability, in the absence of the error, the result to the appellant would have been more favorable.[106] Had the trial court not erred, Gomez would have been liable for $16,500 plus $4,145 in fees and costs, rather than $51,989.96.[107]

When a trial court, in a default judgment, has entered a judgment for a type of relief not requested in the complaint the judgment is void.[108] Accordingly, we will reverse the judgment and remand the cause to the trial court with directions to enter a new judgment for Finney in the sum of $20,645.

---

trial judge, being a lawyer, can … ascertain … approximate time spent in preparation and trial, and the relative financial circumstances of the parties").

[104] *Contractors Labor Pool, Inc. v. Westway Contractors, Inc., supra,* 53 Cal.App.4th at page 169 (holding that trial court's failure to take into consideration the nature, difficulty, intricacy and importance of the litigation, amount involved, skill required and success of the attorney's efforts, etc., was an abuse of discretion warranting reversal).

[105] *Osborn v. Mission Ready Mix* (1990) 224 Cal.App.3d 104, 114 [273 Cal.Rptr. 457]; *Soule v. General Motors Corp.* (1994) 8 Cal.4th 548, 574 [34 Cal.Rptr.2d 607, 882 P.2d 298]; *Mike Davidov Co. v. Issod* (2000) 78 Cal.App.4th 597, 606 [92 Cal.Rptr.2d 897].

[106] *Mike Davidov Co. v. Issod, supra,* 78 Cal.App.4th at page 606.

[107] The attorney's fees and costs of the partition were $5,630 and $2,660 respectively which total $8,290. Half of these are $4,145. Thus the total amount, including the $16,500 originally pleaded in the complaint, is $20,645.

[108] *In re Marriage of Lippel, supra,* 51 Cal.3d at page 1163.

## DISPOSITION

The judgment is reversed and the cause remanded to the trial court with directions to enter a new judgment for Finney in the amount of $20,645. Gomez is awarded his cost on appeal.

Perluss, P. J., and Woods, J., concurred.