Filed 4/22/13  Cason v. Cason CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| GREGORY B.H. CASON,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>THERESA A.H. CASON et al.,<br><br>    Defendants and Respondents. | D059676<br><br><br><br>(Super. Ct. No. ECU01642) |

APPEAL from a judgment of the Superior Court of Imperial County, Barrett J. Foerster and Donal B. Donnelly, Judges.  Affirmed.

Plaintiff Gregory B.H. Cason (Plaintiff) appeals a judgment apportioning attorney fees and costs incurred in his partition action against defendants Theresa A.H. Cason, also known as Theresa H. Schoneman, Donald S. Cason, David B.H. Cason and Diane Cason, as trustees of the David Cason and Diane Cason 2000 Family Trust (together Defendants).  On appeal, Plaintiff contends the trial court abused its discretion by apportioning attorney fees and costs incurred in the partition action for the common

benefit of the parties on an equitable basis of 50 percent to Plaintiff and 50 percent to Defendants.

FACTUAL AND PROCEDURAL BACKGROUND

On October 30, 2003, Plaintiff filed a complaint requesting partition of certain real property owned by Plaintiff and Defendants in cotenancy, commonly known as "Elder Canal, Gates 9 & 10" and consisting of about 160 acres (Property). The complaint alleged Plaintiff and each of the three Defendants owned an undivided one-fourth interest in the Property. It sought partition by sale of the Property, alleging a sale would be more equitable than division in kind because the Property is farm land and too small to be divided into parcels that can be economically farmed. Defendants answered the complaint, opposing partition by sale and, in the event the trial court ordered partition of the Property, requesting that Plaintiff be allotted a parcel according to his one-fourth interest and Defendants be allotted a parcel according to their collective three-fourths interest.

On May 11, 2005, the trial court entered an interlocutory judgment directing partition of the Property according to the parties' interests and ordering that a referee be appointed to recommend division and partition the Property. The court further ordered that "if a division of the [Property] is impracticable or that a sale of the [Property], or any portion thereof, would be more equitable to the parties, the referee shall so state in the report and set forth recommendations as to the sale of [the Property], or portion thereof, and the Court shall enter such further orders as the Court may deem proper and appropriate."

2

The appointed referee subsequently issued a report finding there were four plausible methods to partition the Property: (1) sell the Property and distribute the proceeds to the parties on a pro rata basis; (2) have those parties who do not want to sell the Property purchase the interests of those parties who do want to sell it; (3) divide the Property into one 120-acre parcel and one 40-acre parcel; and (4) divide the Property into four 40-acre parcels. The referee recommended the fourth option as the best long-term solution. After receiving the responses of the parties to the referee's report, the trial court ordered the referee to conduct a further evaluation of the Property. In his second report, the referee recommended that Plaintiff be awarded the southeast quarter of the Property because of drop box and harvesting issues.

On November 21, 2006, the trial court issued an order directing the Property to be partitioned in kind into four parcels of 40 acres each within one year and, if the partition was not accomplished within one year, the Property was to be partitioned into one parcel consisting of the southeast one-fourth and one parcel consisting of the remainder of the Property. However, a subsequent survey apparently showed the Property consisted of only about 159, and not 160, acres. Because zoning ordinances of Imperial County (County) require farm land parcels to be at least 40 acres, County apparently rejected the proposed division of the Property into four separate 40-acre parcels.

On April 3, 2008, based on counsel's representations that County rejected partition of the Property into four separate parcels, the trial court issued an order directing division of the Property into two parcels: (1) a southeast quarter consisting of 40 acres in compliance with County's zoning ordinances; and (2) the remaining property (consisting

3

of about 119 acres). The 40-acre parcel was awarded to Plaintiff and the other parcel was awarded to Defendants. The court reserved jurisdiction to consider a motion on the issue of whether owelty should be awarded.

The parties stipulated to the appointment of an appraiser, Matt Ramsey, to report on the amount of owelty Plaintiff may owe Defendants. The appraiser determined Plaintiff's 40-acre parcel was worth $350,000 and Defendants' 119-acre parcel was worth $680,000. Plaintiff objected to the appraisal and requested that owelty be determined based instead on an appraisal made by William S. Smith. Smith's appraisal valued Plaintiff's parcel at $5,200 per acre and Defendants' parcel at $5,000 per acre. Following an evidentiary hearing, the trial court issued an order finding Plaintiff owed Defendants owelty of $7,250, adopting the valuations in Smith's appraisal.

Pursuant to Code of Civil Procedure sections 874.010 and 874.040,[1] Plaintiff filed a motion for apportionment of attorney fees and costs incurred in the partition action. Defendants filed a motion for apportionment of costs only and requested those costs be apportioned evenly between Plaintiff (50 percent) and Defendants (50 percent). Defendants opposed Plaintiff's motion for apportionment of attorney fees and costs because they were not incurred for the common benefit of the parties.

On September 2, 2010, the trial court heard counsel's arguments on both motions. The court granted Plaintiff's request for attorney fees and costs, which "shall be equitably apportioned between the parties with Plaintiff being responsible for fifty percent thereof

---

[1] All statutory references are to the Code of Civil Procedure.

4

and the remaining three defendants being responsible for the remaining fifty percent." The Court found that "though all parties enjoyed a common benefit in the pursuit of the partition action, that benefit was not equal between them. Only Plaintiff received a complete partition of his interest. The remaining [D]efendants' interests in the subject real property have not been individually partitioned." The court set a further hearing on Defendants' motion for apportionment of attorney fees, if filed, and their motion for apportionment of costs.

Defendants subsequently filed a motion for apportionment of attorney fees and costs, requesting they be apportioned evenly between Plaintiff (50 percent) and Defendants (50 percent). Plaintiff opposed their motion, arguing the motion was filed late. On March 9, 2011, the court issued a written order apportioning attorney fees and costs incurred by the parties in the partition action, to be apportioned 50 percent to Plaintiff and 50 percent to Defendants. On May 9, 2011, the court entered a final judgment partitioning the Property into two parcels as described above and apportioning the parties' attorney fees and costs 50 percent to Plaintiff and 50 percent to Defendants.[2] Plaintiff timely filed a notice of appeal.

---

[2] Because Plaintiff does not dispute the trial court's determination of the amounts of attorney fees and costs incurred for the common benefit of the parties, we need not, and do not, set forth the specific amounts apportioned by the court.

DISCUSSION

I

*Standard of Review*

"The standard of review on issues of attorney's fees and costs is abuse of discretion.  The trial court's decision will only be disturbed when there is no substantial evidence to support the trial court's findings or when there has been a miscarriage of justice.  If the trial court has made no findings, the reviewing court will infer all findings necessary to support the judgment and then examine the record to see if the findings are based on substantial evidence."  (*Finney v. Gomez* (2003) 111 Cal.App.4th 527, 545, fns. omitted.)

When an appellant asserts there is insufficient evidence to support a factual finding, we apply the substantial evidence standard of review, requiring two steps.  "First, one must resolve all explicit conflicts in the evidence in favor of the respondent and presume in favor of the judgment all *reasonable* inferences.  [Citation.]  Second, one must determine whether the evidence thus marshaled is substantial.  While it is commonly stated that our 'power' begins and ends with a determination that there is substantial evidence [citation], this does not mean we must blindly seize any evidence in support of the respondent in order to affirm the judgment. . . .  [Citation.]  '[I]f the word "substantial" [is to mean] anything at all, it clearly implies that such evidence must be of ponderable legal significance.  Obviously the word cannot be deemed synonymous with "any" evidence.  It must be reasonable . . . , credible, and of solid value . . . .'  [Citation.]  The ultimate determination is whether a *reasonable* trier of fact could have found for the

6

respondent based on the *whole* record." (*Kuhn v. Department of General Services* (1994) 22 Cal.App.4th 1627, 1632-1633, fns. omitted.) "[T]he power of an appellate court *begins* and *ends* with the determination as to whether, *on the entire record*, there is substantial evidence, contradicted or uncontradicted, which will support the determination, and when two or more inferences can reasonably be deduced from the facts, a reviewing court is without power to substitute its deductions for those of the trial court. *If such substantial evidence be found, it is of no consequence that the trial court believing other evidence, or drawing other reasonable inferences, might have reached a contrary conclusion.*" (*Bowers v. Bernards* (1984) 150 Cal.App.3d 870, 873-874.)

II

*Trial Court's Apportionment of Attorney Fees and Costs*

Plaintiff contends the trial court abused its discretion by apportioning attorney fees and costs incurred for the common benefit of the parties on an equitable basis 50 percent to Plaintiff and 50 percent to Defendants rather than in proportion to the interests of the parties in the property. He asserts there is insufficient evidence to support the court's apportionment of attorney fees and costs.

A

Section 874.040 provides: "Except as otherwise provided in this article, the court shall apportion the costs of partition among the parties in proportion to their interests or make such other apportionment as may be equitable." The Law Revision Commission Comment to section 874.040 states:

7

"Although normally the costs of partition are apportioned in proportion to the interests of the parties, there may be cases in which some other arrangement will be equitable. Where litigation for the common benefit arises among only some of the parties, or where the interests of the parties in all items, lots, or parcels of property are not identical, the court may segregate the costs of partition to the extent practicable and apportion a part among particular parties only." (Cal. Law Revision Com. com., 17A West's Ann. Code Civ. Proc. (1980 ed.) foll. § 874.040, p. 586.)

Section 874.010 provides in pertinent part: "The costs of partition include: [¶] (a) [r]easonable attorney's fees incurred or paid by a party for the common benefit."

"[S]ection 874.040 broadly allows the trial court to 'make such other apportionment as may be equitable.' " (*Lin v. Jeng* (2012) 203 Cal.App.4th 1008, 1024.) "There is no ambiguity in the language of section 874.040. It simply states that the trial court must apportion the costs incurred in a partition action based upon *either* the parties' interests in the property, or equitable considerations. The statute's broad language does not limit the trial court's equitable discretion . . . ." (*Id.* at p. 1025.)

B

After the trial court issued its partition and owelty orders, Plaintiff filed a motion for apportionment of attorney fees and costs incurred in the partition action. Defendants filed a motion for apportionment of costs only, arguing attorney fees were not incurred for the common benefit of the parties as required for apportionment. Defendants requested those costs be apportioned evenly between Plaintiff (50 percent) and Defendants (50 percent). Defendants opposed Plaintiff's motion for apportionment of attorney fees and costs, arguing they were not incurred for the common benefit of the parties.

8

The trial court heard counsel's arguments on both motions. Plaintiff argued the court should apportion attorney fees and costs in proportion to the parties' interests in the Property. Defendants, in turn, argued the parties should bear their own attorney fees because they were not incurred for the common benefit of the parties. The trial court stated it was unable to find any reported case involving a partial partition as involved in this case. It noted: "We have three co-tenants on one side who did not receive the same benefit that [Plaintiff] received. They didn't get their interest[s] partitioned [primarily because the County would not allow a three-way partition of the remaining 119-acre parcel]." Nevertheless, Defendants "received a benefit [from the partition action] by ridding themselves of the Plaintiff, but they didn't receive a full partition themselves." Discussing *Finney*, the court stated that although *Finney* discussed two examples of equitable apportionment described in the California Law Revision Commission's comment to section 874.040, *Finney* did not state those were the only instances in which equitable apportionment could be made under section 874.040. Plaintiff agreed. The trial court concluded that in this case it had the power under section 874.040 to equitably apportion attorney fees and costs. The court explained its reasoning for apportioning the attorney fees and costs 50 percent to Plaintiff and 50 percent to Defendants, stating:

> "As best as I can read the cases, I feel on the one hand that [section]
> 874.040 allows the Court to divide fees and costs on an equitable
> basis where there has not been [a] completely equal partition among
> all the parties. And in this case, that has not happened. Plaintiff got
> his share out. The Defendants were left with 119 acres that could
> not be divided in kind because of the acreage requirements by the
> County of Imperial, 40 acreage minimum requirement. And so that,
> coupled with the fact that the litigation itself has always been
> between the Defendants as a group which represents in effect one

9

united interest, and the Plaintiff is the other interest. That this mandates upon the court an apportionment not as to the interests, but as to what is equitable. And I feel what is equitable in this case is what has been proposed by the Defendants; that the fees and the costs should be borne equally. In other words, 50 percent [to Plaintiff and] 50 percent [to Defendants] . . . ."

The court's minute order granted Plaintiff's request for attorney fees and costs, which "shall be equitably apportioned between the parties with Plaintiff being responsible for fifty percent thereof and the remaining three defendants being responsible for the remaining fifty percent." The court found that "though all parties enjoyed a common benefit in the pursuit of the partition action, that benefit was not equal between them. Only Plaintiff received a complete partition of his interest. The remaining [D]efendants' interests in the subject real property have not been individually partitioned." The court set a further hearing on Defendants' motion for apportionment of attorney fees, if filed, and their motion for apportionment of costs. The court reserved the issue of whether Defendants could, at that stage, file a motion for apportionment of attorney fees.

Defendants subsequently filed a motion for apportionment of attorney fees and costs, requesting they be apportioned evenly between Plaintiff (50 percent) and Defendants (50 percent). Plaintiff opposed their motion, arguing the motion was filed late. At the beginning of the hearing on the motion, the trial court announced its tentative ruling that it would confirm the prior trial judge's order equally apportioning attorney fees and costs (i.e., "50-50") between Plaintiff and Defendants.[3] Following counsel's

_____

[3] Imperial County Superior Court Judge Donal B. Donnelly heard the motion after the case was reassigned to him on the death of Imperial County Superior Court Judge Barrett J. Foerster, to whom the case was originally assigned. Although the record does

10

arguments, the trial court granted Defendants' motion for apportionment of attorney fees and costs, apportioning them evenly between Plaintiff (50 percent) and Defendants (50 percent). The court issued a written order apportioning attorney fees and costs incurred by the parties 50 percent to Plaintiff and 50 percent to Defendants. The court then entered a final judgment partitioning the Property into two parcels as described above and apportioning the parties' attorney fees and costs 50 percent to Plaintiff and 50 percent to Defendants.

C

We conclude the trial court did not abuse its discretion in apportioning attorney fees and costs because there is substantial evidence to support the trial court's finding that Plaintiff and Defendants did not benefit equally from the partition action and therefore the attorney fees and costs incurred in the partition action should be apportioned 50 percent to Plaintiff and 50 percent to Defendants, rather than in proportion to their individual interests (i.e., 25 percent to Plaintiffs and 75 percent to Defendants). As noted above, the court partitioned the Property by dividing the Property into two parcels: (1) a southeast quarter consisting of 40 acres awarded to Plaintiff; and (2) the remaining 119 acres awarded to Defendants. Because the remaining 119-acre parcel could not be divided into three parcels under County's zoning ordinances, the court could not, and did not, award each of the three Defendants a separate parcel in proportion to their respective

not appear to contain any document reflecting that event, the parties represent Judge Foerster passed away before the hearing on Defendants' motion for apportionment of attorney fees and costs.

11

interests in the Property. Therefore, although Plaintiff received a separate 40-acre parcel in the partition action, the three Defendants did not receive a separate parcel, but instead each received a one-third cotenancy interest in the remaining 119-acre parcel. To compensate for the difference in the per-acre value of the particular real property the parties received, the court awarded Defendants owelty of $7,250.[4]

Despite that owelty, the trial court found the parties did not benefit equally from the partition, finding, in effect, the value of the real property held by Defendants in cotenancy that could not be divided into three parcels was less than the value of the real property held by Plaintiff separately. Based on our review of the whole record, we conclude there is substantial evidence to support that finding. The record shows County rejected the court's initial proposal for an equal four-way division of the Property because it consisted of only 159 acres and a minimum of 40 acres was required for farm land parcels under its zoning ordinances. Therefore, the court adopted an alternative partition, awarding Plaintiff his own 40-acre parcel and Defendants the remaining 119-acre parcel in cotenancy. The court could reasonably infer from County's zoning ordinances and the

---

[4]     Contrary to Plaintiff's apparent assertion, the record does not show the trial court, in awarding owelty, sought to equalize the value of the parties' interests in real property after the partition by, for example, awarding Defendants additional owelty for the reduced value of their postpartition cotenancy interests in a 119-acre parcel that could not be divided into three parcels in the future. Instead, the record supports the conclusion that the court's owelty calculation was based solely on the different intrinsic values of the farm land in Plaintiff's 40-acre parcel (i.e., $5,200 per acre) and Defendants' 119-acre parcel (i.e., $5,000 per acre). (The parties appear to concede the parenthetical $5,500 per acre valuation in the court's final owelty order reflected either a typographical or mathematical error. The court's order found the value of Defendants' 119-acre parcel was $595,000, which equals $5,000 per acre.) The owelty award is not challenged in this appeal.

nature of cotenancy that the value received by each of the three Defendants in the partition action was not equal to, and was in fact less than, that received by Plaintiff. First, the remaining 119-acre parcel could not be divided into three separate parcels in the future. Rather, it could be divided into only two parcels in the future, which presumably could cause difficulty in apportioning that parcel in the future among the three Defendants. Second, any future partition action involving Defendants presumably would result in significant attorney fees and costs, which Plaintiff would not suffer because he already received a "full partition" of his interest in the Property. The court properly found Plaintiff received, in effect, a "full partition" of his interest and Defendants received, in effect, only a "partial partition" of their interests. The trial court could reasonably find the parties' interests and benefits from the partition action were not identical after the action. The trial court reasonably found that Plaintiff and Defendants did not benefit equally from the instant partition action and therefore under section 874.040 the attorney fees and costs incurred in the partition action should be apportioned equitably and not in proportion to the parties' interests in the Property.

Furthermore, based on the whole record in this case, we cannot conclude the trial court abused its discretion by finding an equitable apportionment of attorney fees and costs was 50 percent to Plaintiff, who received a significantly greater benefit, and 50 percent to Defendants, who received a significantly lesser benefit, from the partition action. The court could also reasonably infer that because there were, in effect, two sides represented in this partition action (i.e., Plaintiff on one side and Defendants on the other), it would be equitable for each side to bear one-half of the attorney fees and costs

13

incurred in the action. Therefore, the court did not abuse its discretion by equitably apportioning one-half of the attorney fees and costs to Plaintiff and one-half to Defendants.[5]

Plaintiff does not cite any case showing the trial court abused its discretion by apportioning the attorney fees and costs incurred in this case. *Finney v. Gomez*, cited by Plaintiff, is not factually or legally apposite to this case. In that case, the trial court ordered a property owned equally by two cotenants to be partitioned by sale with the net proceeds (e.g., after reimbursement of the parties for expenses advanced beyond their proportionate interests) to be divided in proportion to their interests in the property (i.e., equally). (*Finney v. Gomez*, *supra*, 111 Cal.App.4th at pp. 531-533.) However, the court awarded the petitioning cotenant 100 percent of the attorney fees and costs incurred in the partition action. (*Id*. at p. 533.) On appeal, *Finney* concluded that because there was no substantial evidence to support an equitable apportionment of attorney fees and costs awarding the petitioning cotenant all of his attorney fees and costs, the trial court abused

---

5      To the extent Plaintiff argues the trial court abused its discretion by not considering certain facts, he waives that argument by not specifically citing to the record or otherwise describing those purported overlooked facts and not presenting any substantive analysis showing the court abused its discretion by not considering those facts. (*Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856; *People v. Ham* (1970) 7 Cal.App.3d 768, 783, disapproved on another ground in *People v. Compton* (1971) 6 Cal.3d 55, 60, fn. 3; *Jones v. Superior Court* (1994) 26 Cal.App.4th 92, 99; *Landry v. Berryessa Union School Dist.* (1995) 39 Cal.App.4th 691, 699-700.) In any event, because the trial court's judgment is presumed correct, we presume the court considered all of the evidence in the record in making its decision. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) Plaintiff has not carried his burden on appeal to rebut that presumption and affirmatively show the trial court erred. (*Ibid*.; *Fundamental Investment etc. Realty Fund v. Gradow* (1994) 28 Cal.App.4th 966, 971.)

14

its discretion. (*Id*. at pp. 548-550.) The court stated: "Neither the evidence nor the complaint suggested Gomez had any more of an interest in the property and it certainly contained no evidence suggesting he had a 100 percent interest in the property." (*Id*. at p. 548.) *Finney* concluded: "[T]here is no substantial basis for awarding fees and costs in this case other than on the parties' proportion of interest in the property." (*Id*. at p. 550.) Accordingly, it reversed the judgment and remanded the case for the trial court to apportion the attorney fees and costs equally between the parties. (*Id*. at p. 551.)

Because, as discussed above, Plaintiff and Defendants did not receive the same benefit from the partition action, *Finney v. Gomez* is inapposite to this case and does not persuade us to reach a contrary conclusion. The trial court found Plaintiff received a "full partition" and Defendants received only a "partial partition." Also, there were two sides to this action (i.e., Plaintiff versus Defendants). Given the substantial evidence to support the trial court's apportionment of attorney fees and costs in this case, we conclude *Finney* is factually and legally inapposite. Plaintiff does not substantively address any other case showing the trial court abused its discretion in this case.

Assuming arguendo, as Plaintiff apparently argues, there is a general preference under section 874.040 for apportioning attorney fees and costs in proportion to the parties' interests in the property, he does not show the trial court abused its discretion by not applying that general preference in the circumstances in this case. Because there is substantial evidence to support the court's equitable apportionment of attorney fees and costs, the court was not bound to apply any such general preference. Section 874.040 expressly authorizes a trial court to apportion attorney fees and costs incurred in a

15

partition action as it considers equitable in its discretion.  "[Section 874.040] simply states that the trial court must apportion the costs incurred in a partition action based upon *either* the parties' interests in the property, or equitable considerations.  The statute's broad language does not limit the trial court's equitable discretion . . . ."  (*Lin v. Jeng*, *supra*, 203 Cal.App.4th at p. 1025.)  To the extent Plaintiff argues there is substantial evidence to support a different apportionment or that the trial court should have made different inferences or findings based on the equitable considerations in this case, he misconstrues and/or misapplies the substantial evidence and abuse of discretion standards of review that apply in this appeal.[6]

## DISPOSITION

The judgment is affirmed.  Defendants are entitled to their costs on appeal.


McDONALD, J.

WE CONCUR:


BENKE, Acting P. J.


O'ROURKE, J.

---

[6]     To the extent Plaintiff argues the trial court erred by considering Defendants' late-filed motion for apportionment of attorney fees, he waives that argument because he does not present any substantive argument or analysis showing the court abused its discretion by considering that motion.  (*People v. Ham*, *supra*, 7 Cal.App.3d at p. 783; *Jones v. Superior Court*, *supra*, 26 Cal.App.4th at p. 99; *Landry v. Berryessa Union School Dist.*, *supra*, 39 Cal.App.4th at pp. 699-700; *Denham v. Superior Court*, *supra*, 2 Cal.3d at p. 564; *Fundamental Investment etc. Realty Fund v. Gradow*, *supra*, 28 Cal.App.4th at p. 971.)

16